JOHN H. FERGUSON, plaintiff in error, *vs.* A. J. HARDY *et al.*, administrators, defendants in error.

Where rented land, upon which there was a growing crop, was sold under an execution against the landlord, and the tenant evicted, the consideration of the rent note given to such landlord failed; if the tenant re-entered under the purchaser at such sale, the right to collect the rent was in the latter.

Landlord and tenant. Levy and sale. Before Judge HALL. Upson Superior Court. May Term, 1877.

Reported in the decision.

J. A. COTTEN, for plaintiff in error.

J. Y. ALLEN, for defendants.

WARNER, Chief Justice.

The plaintiffs, as the administrators of Charles V. Collier, sued out a distress warrant against Ferguson for rent before the note given therefor was due, on the ground alleged therein, that the tenant was seeking to remove his goods from the premises, as provided by the 2285th section of the Code. The defendant filed his counter affidavit, in which he alleged that the land for which the plaintiffs claim their rent in their distress warrant, was levied on and sold by the sheriff of Upson county, on the first Tuesday in July, 1875, by virtue of a *fi. fa.* against plaintiffs' intestate, which issued on a judgment dated 3d of November, 1862, before the crop thereon was matured, and that he had been dispossessed and evicted from the land by due process of law, and that no part of the rent due therefor was due by the defendant to the plaintiffs. On the trial of the issue thus formed, the jury, under the charge of the court, found a verdict in favor of the plaintiffs for the amount of the rent note. The defendant made a motion for a new trial on the several grounds therein stated, which was overruled, and the defendant excepted.

It appears from the evidence in the record, that the land was sold by the sheriff as alleged by the defendant in his counter-affidavit, and was purchased by Allen. The sheriff dispossessed the defendant as the tenant of the plaintiffs in the distress warrant, and put Allen, the purchaser at the sheriff's sale, in possession of the land, and then the defendant attorned to him as his landlord and paid the rent for that year to him, by delivering to him cotton for that purpose, which was the removal of goods from the premises complained of by the plaintiffs in the distress warrant.

The court charged the jury, amongst other things, "that Allen, the purchaser at the sheriff's sale, purchased the interest only of the estate of Collier. If defendant rented the land for standing rent, a fixed sum of money, for which he gave his note, then the administrators of Collier had no in-

terest in the crop, but the crop belonged to defendant, the tenant of the administrators, and Allen, by his purchase, got no part of the crop ; his purchasing the land gave him no title to the rent note, and he could not claim rent of the defendant ; that the payment of rent by defendant to Allen is no protection against the claim of plaintiffs." ·

Whilst it is true that the crop on the land may have belonged to the defendant who planted it, and that Allen got no title to the rent note by his purchase of the land, still the question remains as to who was entitled to receive the rent of the land in view of the facts of the case ? The consideration for which the rent note was given totally failed as between the defendant and the plaintiffs in the distress warrant, in consequence of the defendant having been turned out of the possession of the land under the sheriff's sale by legal process. The crop on the land which had been planted had not matured at the time of the sale, and its future growth and maturity was to be on the land of Allen, the purchaser thereof, who purchased all the title and interest of the plaintiffs in the distress warrant to receive rent for the land—in other words, the right of the plaintiffs in the distress warrant to recover the rent of the land for the year it was sold, as set forth in the record, passed to the purchaser of the land as was ruled by this court in *Pitts vs. Hendrix*, 6 *Ga. R.*, 452. The charge of the court, therefore, was error.

Let the judgment of the court below be reversed.