DOLLAR *et al. v.* RODDENBERY.

Where, after the rendition of a judgment against the owner of land, the latter rented the same to another, who planted an annual crop thereon, and before the maturity of the crop, an execution issued from such judgment was levied upon the land so rented, the purchaser at a sale thereunder acquired the title of the owner in the land; but as to the growing crop, he acquired only the interest of the owner as landlord, and was therefore not entitled, as against the tenant, to maintain an action of trover for the recovery after its maturity of the entire crop.

August 12, 1895.

Trover.    Before Judge Bower.    Decatur superior court. ' November term, 1895.

Roddenbery brought trover and bail against Dollar *et al.* The case was submitted to the judge on the facts hereafter stated, and he decided that plaintiff should recover the value of the property sued for.   Defendants excepted.

Plaintiff offered in evidence deed to the land on which the crop in dispute was grown.   Defendants, who claimed

the crop, were tenants of Emma F. Dollar, whose husband made her a deed to it in 1888, which was recorded on October 26, 1889. On September 17, 1888, she made a deed to G. A. Wight to the land in dispute. The land was afterwards levied on under the *fi. fa.* of Roddenbery, issued in April, 1888, and was claimed by Wight; and on the trial of the claim in May, 1892, was found subject to the *fi. fa.* The land was brought to sale under this *fi. fa.* in July, 1892. Defendants rented from Emma F. Dollar, and the crop was not matured and ready for gathering at the time of the sale, but was at the time the sheriff put him in possession, August 31, 1892. The judgment under which the land was sold was older than the rent contract, and older than the deed to Emma F. Dollar from her husband. Defendants offered to prove that the deed made by Emma F. Dollar to Wight was made to secure the payment of her husband's debt. This the court refused to allow. It is alleged, that the court erred in holding that the crop raised by defendants as tenants on the land, passed with the land at the sale in July, 1892, and that plaintiff was entitled to recover the full value of such crops; defendants insisting that plaintiff was entitled to recover a reasonable compensation out of the crops of said tenants for rent.

*D. A. Russell*, for plaintiffs in error.
*Donalson & Hawes*, contra.

ATKINSON, Justice.

A judgment in this State operates only as a lien upon the property of the debtor, and neither divests his title, nor in any manner interferes with his right of possession or control over his property, until it is enforced and the title transferred to another by a sale under execution. Notwithstanding the rendition of a judgment against him, the owner of land may lawfully let the same to a tenant for years or at will. The tenant, however, takes the leased

premises subject to the right of the judgment creditor to terminate its existence by the enforcement of the judgment and a sale of the land. In such a case, while the tenancy may, by contract as between the original landlord and tenant, be for a definite term, it is nevertheless, by operation of law, at the will of the judgment creditor, and subject to be determined by him at any time by an enforcement of the judgment.

At common law it was the element of uncertainty in the duration of his term which entitled a tenant at will to his emblements. See Coke upon Littleton, vol. 1, p. 55a. And this element of uncertainty is introduced into the tenancy now in question, not by the act of the tenant, but by the voluntary act of the judgment creditor who is now seeking to deprive him of his emblements. If uncertainty in the duration of his term is the circumstance which entitled the tenant to his emblements, surely under a tenancy at one time certain, but afterwards rendered uncertain because by operation of law it came to be at the will of the judgment creditor, the tenant ought not to be deprived of his emblements. Under an execution against the landlord, the sheriff is entitled to seize, and the purchaser acquires at the sale no greater interest in the premises than the landlord himself had. If this be true, and that it is cannot be seriously questioned, then under the state of facts existing here, this defendant is entitled to recover. Such recovery is allowable on the most obvious principles of justice and reason; because the time for the termination of his estate is rendered uncertain, not in consequence of any wrongful act of the tenant himself, but because of the necessary uncertainty as to the time at which the judgment creditor may choose, by a sale of the rented premises, to extinguish the title of the tenant's lessor. At a sale of the property of the landlord, the purchaser acquires his interest in the leased premises and as well his interest in the way-going-crops, but no more. If prior to the sale the

tenant had given his note, payable to the landlord, covering the rent for the full term, the consideration of this note would have failed when the title of his landlord was extinguished and he was required to attorn to another. *Ferguson* v. *Hardy*, 59 *Ga.* 758. If he had paid the rent in advance, he must nevertheless account to the purchaser for the rent for the remainder of his term after the sale of the leased premises, looking to the warranty of his landlord for reimbursement, because he held his lease subject to the judgment lien. The only effect of the judicial sale upon the tenant was to change the personnel of his landlord. By virtue of his purchase at the sheriff's sale, the purchaser acquired whatever interest the landlord had by way of rent in the unmatured crops at the time of the sale, and therefore upon the maturity of the crop he was entitled to the entire rent of the premises to be paid by the tenant, but not to the entire crop of the tenant. The former he took by virtue of his purchase at the sheriff's sale. The latter remained in the tenant by virtue of his right to emblements.

No case has heretofore arisen in this State in which this precise question has been presented for the consideration of this court. Cases have arisen in which the relative rights of the landlord and the judgment creditor touching the rent reserved have been considered. But the same question has arisen in other States, and in one of them we find the question here made directly decided and supported by such satisfactory reasoning that we are disposed to accept the conclusion reached in that case as satisfactory to us in this. See *Bittinger* v. *Baker*, 29 Pa. St. 66.

We are aware of the line of decisions in other States in which it is held that the claim of a mortgagee to the growing crop is superior to that of a tenant to his emblements; but in all of those cases, it will be observed that the mortgage itself, under the statute of the State in which the question arose, passed the legal title to the mortgagee and divested the title of the mortgagor. We encounter no

such difficulty here, however; for, as above stated, a judgment operates simply as a lien upon the property of the debtor.

We are the more readily persuaded to the correctness of this conclusion, because it coincides with our view of abstract justice and of right. It is an ancient maxim of the law that he who rightfully sows ought to reap the profits of his labor, and if he rightfully enter in subordination to the title of another, but his tenancy be terminated without fault on his part and in consequence of some uncertain event, he shall be allowed to take away his waygoing-crops; for emblements, in strict law, are confined to the products of the earth arising from the annual labor of the tenant. The tenant, under the protection of this rule, is invited to agricultural industry without the apprehension of loss by reason of some unforeseen contingency which might arise and terminate his estate. It would seem to us a most unreasonable rule, and one which would tend greatly to embarrass the business of agriculture, if every tenant who rightfully entered under the owner of land, after the cultivation of his crop could be deprived of it at the will of a judgment creditor. Under such a rule, no man would be safe in the enjoyment of the product of his labor, and the judgment creditor would be thus enabled to reap where he had not sowed and gather where he had not strewed; and this is not allowable.

Let the judgment of the court below be    *Reversed.*