## CAMP v. WEST & COMPANY.

1. An assignment before maturity of a written contract for rent does not operate to raise in favor of the assignee the special statutory lien on crops given to landlords, when it appears that before the maturity of the crops on the rented premises the consideration of such contract had entirely failed.
2. The question whether the assignees of the promissory notes involved in the present case could, as innocent purchasers thereof for value, enforce their collection by a suit thereon, is not made in the record.

Argued April 5, — Decided April 25, 1901.

Distress warrant. Before Judge Henry. City court of Floyd county. September 7, 1900.

*Dean & Dean*, for plaintiff in error.
*McHenry & Maddox* and *M. B. Eubanks*, contra.

FISH, J. On the 5th of January, 1898, the Merchants National Bank of Rome purchased, at sheriff's sale, certain lands, sold as the property of M. A. Taylor, the sheriff on the same day executing to the bank a deed to the property. This deed was duly recorded on October 24th, 1898. On January 7th, 1899, the bank, not having been put in possession of the property, Taylor, who still held the same, rented a part of it to B. G. Camp for the year 1899. Camp gave to Taylor two promissory notes, due in November thereafter, the notes specifying that they were for rent of Taylor's farm for the year 1899, and being payable to Taylor or bearer. In March of the same year Taylor sold and transferred, in writing, these notes to West & Co. In August, 1899, the bank applied for and obtained from the superior court an order directing the sheriff to put it in possession of the premises in question, which it had purchased at the sheriff's sale. This order was executed and the bank put in possession September the 9th, 1899. Camp did not leave the farm, but on that day entered into a contract with the bank, which, after reciting the purchase of the property by the bank and the granting of the order to put it in possession, states that, by reason of these facts, he "does hereby make surrender of his said holding as tenant of said Taylor, and does hereby recognize that said bank has been put in possession by said sheriff, and that defendant has been dispossessed, and that the future possession and occupancy of said property by defendant [is] as tenant of said bank." At this time the crops on the premises had not matured. On October 10th, 1899,

West & Co., transferees of the rent notes, sued out a distress warrant against Camp, which was levied on his crops, a part of which had not then matured. A counter-affidavit was filed, and on the trial of the case the defense relied on was that the consideration of the notes had failed. Upon the trial of the issue the facts above stated appeared in evidence, and the court directed a verdict for the plaintiffs for the principal and interest due upon the notes. The defendant moved for a new trial, upon the grounds stated in the motion; the motion was overruled by the court, and to the judgment overruling the same the defendant excepted.

This case turns upon the question whether West & Co., the transferees of the rent notes, ever acquired a landlord's lien on the crops levied upon. A landlord has a special lien for rent on crops made on the land rented from him, which dates from the maturity of the crops, and the Civil Code, § 2798, provides: "Whenever any contract for rent is evidenced by writing and is transferred by written assignment before the maturity of the crops on the land rented, the special lien in favor of landlords shall, on the maturity of the crops, arise in favor of the transferee of such rent contract in the same manner as it would have done in favor of the landlord had no transfer been made." If, under the facts of the case, no lien would have arisen in favor of Taylor if he had not transferred the notes, then none arose in favor of the transferees; for under the terms of the above-quoted statute the special lien in favor of the landlord arises in favor of a transferee of the rent contract, upon the maturity of the crops, in the same manner as it would have done in favor of the landlord if no transfer had been made. If no transfer had been made, in what manner would a special lien upon the crops have arisen in Taylor's favor? In our opinion, no lien would have arisen in his favor, for the reason that, before the maturity of the crops, there was a total failure of consideration of the rent contract, by reason of the eviction of Camp by the bank, the real owner of the premises; and the consideration of the contract having wholly failed, Taylor could never have acquired a lien for rent. Taylor could not transfer what he could not have acquired, and therefore West & Co. never obtained any lien. The case of *Ferguson* v. *Hardy*, 59 *Ga.* 758, is somewhat in point. There it was held: "Where rented land, upon which there was a growing crop, was sold under an execution against the landlord, and the tenant evicted, the considera-

tion for the rent note given to such landlord failed; if the tenant re-entered under the purchaser at such sale, the right to collect the rent was in the latter." The question whether Camp would be liable to West & Co. in an action upon the notes is not involved in this case. The only point which we decide is that they can not distrain for rent. It makes no difference that at the time they purchased the rent notes they may have had no knowledge of the fact that Taylor had neither title to nor interest in the rented land. For while their rights as transferees of the promise to pay carried by the notes may be governed by the principles of the law merchant, their rights as transferees of the alleged lien are wholly dependent upon this statute, and it simply places them in the shoes of Taylor and gives to them the same right, and only the same right, to have a lien upon the crops grown upon the rented premises, upon the maturity of the same, which Taylor would have had if he had never transferred the notes. As, under the facts of the case, upon the maturity of the crops no lien would have arisen in favor of Taylor, no lien ever arose in favor of his transferees.

*Judgment reversed. All the Justices concurring.*