## BLITCH v. LEE.

COBB, J. 1. A purchaser at an execution sale of land which has been rented by the defendant in execution, though the contract of rental was made subsequently to the date of the judgment upon which the execution was founded, acquires the title of the owner in the land, but only the interest of such owner in the growing crop thereon. And where the owner under the contract of rent has only the right to collect a stated sum as rent for the year, the purchaser has a right to collect this amount from the tenant, but has no further claim against him and no other interest in the crops of the year than may be necessary to secure the payment of the amount due by the tenant as rent under the contract with the owner. *Dollar* v. *Roddenbery*, 97 *Ga.* 148 ; *Hancock* v. *Boggus*, 111 *Ga.* 885 (3).

2. If such purchaser, without lawful warrant or authority, converts to his own use any portion of the crops of the tenant after their maturity, the latter may recover in an action of trover for the value of the property thus converted.

3. Even if a cropper stands upon any different footing from that of a tenant with respect to the matter dealt with in the first of the preceding notes, so far as the present case is concerned the evidence warranted, even if it did not demand, a finding that the plaintiff was a tenant and not a cropper.

4. There was no error of law complained of. The evidence fully warranted the verdict, and the court did not err in refusing to grant a new trial.

*Judgment affirmed. All the Justices concurring, except Little and Lewis, JJ., absent.*

Submitted March 1,—Decided April 2, 1902.

Trover. Before Judge Evans. Bulloch superior court. June 5, 1901.

*J. A. Brannen,* for plaintiff in error. *Moore & Deal,* contra.

---

## THOMPSON & WILKES v. MALLORY BROTHERS & COMPANY.

SIMMONS, C. J. There was no error in the admission of evidence, and the charge was not erroneous for any of the reasons assigned. The evidence authorized the verdict as to the principal and interest found, and permission is granted the defendants in error, at the request of their counsel, to write off the attorney's fees from said verdict, as the plea was in part sustained. Inasmuch as the plaintiffs in error did not complain of the inclusion of attorney's fees in the verdict and the defendants in error voluntarily asked that they be written off, it is directed that the costs be taxed against the plaintiffs in error.

*Judgment affirmed, with direction. All the Justices concurring, except Little and Lewis, JJ., absent.*

Submitted March 1,—Decided April 2, 1902.

Complaint. Before Judge Evans. Tattnall superior court. June 27, 1901.

*Isaiah Beasley, W. L. Wilson,* and *James K. Hines,* for plaintiffs in error. *J. V. Kelley,* contra.