GARRISON *v.* PARKER.

This case is not distinguishable on its facts from that of *Blitch* v. *Lee,* 115 *Ga.* 112, the decision in which fully covers all material questions presented for determination in the present case.

Argued March 17,—Decided April 7, 1903.

Distress warrant.    Before Judge Felton.    Houston superior court.    April 18, 1902.

*C. C. Duncan,* for plaintiff.
*R. N. Holtzclaw* and *Guerry & Hall,* for defendant.

SIMMONS, C. J.    A distress warrant for rent was sued out by Mrs. Jennie B. Garrison against J. M. Parker, who filed a counter-affidavit.    The issue thus formed was tried in the superior court of Houston county, without the intervention of a jury, upon the following agreed statement of facts :    In 1897, V. A. Garrison made a deed to Cecil Morgan, covering certain lands in the 10th district of Houston county, to secure the payment of a debt due by the former to the latter.    Garrison died during the following year.    The

plaintiff became his duly qualified executrix, and, as such, rented the lands above mentioned to the defendant for the year 1901. No rent note was given by the defendant to the plaintiff or to any one else. Judgment was rendered in favor of Morgan against Mrs. Garrison, as executrix, at the April term, 1901, of Houston superior court, for the debt to secure which the deed referred to was executed. On the first Tuesday in May, 1901, the lands described in this deed and "rented as aforesaid were sold under said judgment by the sheriff of Houston county to T. B. Braddy, and deed to same made by said sheriff to said Braddy." At the time the lands thus sold were offered for sale by "the sheriff, some one in the crowd asked the sheriff, while he was crying off the lands, what became of the rent; and the sheriff replied, ' I've nothing to do with the rent; I am selling the land.' " The defendant "is due $130.00 rent to either the plff. or to T. B. Braddy for 1901, and both plff. and said Braddy claim said sum as due for rent. . . Deft. has paid the amount due for rent to T. B. Braddy, and Braddy agreed to save deft. harmless." Upon this state of facts, the presiding judge held that Braddy, the purchaser at the sheriff's sale, was entitled to the rent of the lands for the year 1901, and a judgment in favor of the defendant was accordingly entered. To this judgment the plaintiff duly excepted.

In the case of *Blitch* v. *Lee*, reported in 115 *Ga.* 112, this court ruled that: "A purchaser at an execution sale of land which has been rented by the defendant in execution [to a third person], though the contract of rental was made subsequently to the date of the judgment upon which the execution was founded, acquires the title of the owner in the land, but only the interest of such owner in the growing crop thereon. And where the owner, under the contract of rent, has only the right to collect a stated sum as rent for the year, the purchaser has a right to collect this amount from the tenant, but has no further claim against him and no other interest in the crops of the year than may be necessary to secure the payment of the amount due by the tenant as rent under the contract with the owner." In support of this ruling, the cases of *Dollar* v. *Roddenbery*, 97 *Ga.* 148, and *Hancock* v. *Boggus*, 111 *Ga.* 885, were cited approvingly. The opinion filed in the former was delivered by Mr. Justice Atkinson, who said (pp. 149–150): " A judgment in this State operates only as a lien upon the prop-

erty of the debtor, and neither divests his title, nor in any manner interferes with his right of possession or control over his property, until it is enforced and the title transferred to another by a sale under execution. Notwithstanding the rendition of a judgment against him, the owner of land may lawfully let the same to a tenant for years or at will. The tenant, however, takes the leased premises subject to the right of the judgment creditor to terminate its existence by the enforcement of the judgment and a sale of the land. In such a case, while the tenancy may, by contract as between the original landlord and tenant, be for a definite term, it is nevertheless, by operation of law, at the will of the judgment creditor, and subject to be determined by him at any time by an enforcement of the judgment." The conclusion announced in that case was that, under such circumstances, the tenant would be entitled to his emblements, if he complied with his obligation to pay the stipulated rental; and that, as between the landlord and the purchaser at judicial sale, the latter would be entitled to such rental, since he would be bound to respect the right of the tenant to claim emblements. In this connection it was said (p. 151): "The only effect of the judicial sale upon the tenant was to change the personnel of his landlord. By virtue of his purchase at the sheriff's sale, the purchaser acquired whatever interest the landlord had by way of rent in the unmatured crops at the time of the sale, and therefore, upon the maturity of the crop, he was entitled to the entire rent of the premises to be paid by the tenant, but not to the entire crop of the tenant. The former he took by virtue of his purchase at the sheriff's sale. The latter remained in the tenant by virtue of his right to emblements."

Counsel for the plaintiff in error sought to distinguish the case now before us from those above cited, on the ground that it appeared in the present case that the judgment in favor of Morgan was rendered subsequently to the date of the contract of rental between the plaintiff and the defendant. Our reply is, that the legal title to the land was at that date in Morgan, who held it as security for the payment of a demand against the estate represented by the plaintiff. In her representative capacity she had possession of the land; but her right to its use and occupation was subject to be defeated at any time by an enforcement of Morgan's lien thereon, and her tenant could acquire through her no better right

to the use and occupation of the land, save as to the protection afforded a tenant under the doctrine of emblements when he enters into the possession of land prior to the taking of steps by a creditor of his landlord to assert a lien thereon and bring the same to judicial sale. It was not within the power of Mrs. Garrison, as executrix, to enter into a contract with Parker, as tenant, having the legal effect of conferring upon him any right with respect to the occupancy of the land superior to the right previously acquired by Morgan under his security deed to enforce payment of his demand by a sale of the property. Had Parker given her a promissory note covering the rent for the full term for which he rented, she could not have had a legal recovery thereon, since the rent could not be apportioned, and he could plead her failure to keep him in undisturbed possession of the premises as a total failure of consideration. *Ferguson* v. *Hardy,* 59 *Ga.* 758, cited with approval in *Dollar* v. *Roddenbery,* supra. It necessarily follows that she could not, by suing out a distress warrant, compel him to pay any portion of the rent agreed on for the year 1901. See also, in this connection, *Matlage* v. *Mulherin,* 106 *Ga.* 834.

In a brief filed in behalf of the plaintiff in error, counsel suggests that as "most landlords live on their rent contracts during the year, and rent contracts and notes are used as collateral by the landlords for their own use," if it be held, in a case such as the present, that the legal effect of " a sale of the lands, either judicially or by the landlord, is to terminate the tenancy, then the value of these papers will be greatly impaired." This argument is not entitled to much weight. Landlords who are not in a position to fulfill their obligations to their tenants can not reasonably expect "to live on their rent contracts during the year," and persons extending credit to landlords on the faith of such contracts can not reasonably expect tenants to pay rental for land in the possession of which their landlords fail to keep them. In other words, contracts of this nature have the incidents which attach to all other instruments which are not negotiable.

*Judgment affirmed.	By five Justices.*