## GARNER *v.* DOUGLASVILLE BANKING COMPANY.

1. An assignment before maturity of a written contract for rent does not operate to raise in favor of the assignee the general lien given to landlords, when it appears that before the levy of a distress warrant in favor of the transferee the consideration of such contract had entirely failed.

(*a*) One to whom a landlord transfers a note of his tenant for rent has the right to foreclose the general or special lien of the landlord for rent.

MAY 11, 1911.

Distress warrant. Before Julian McCamy, judge pro hac vice. Douglas superior court. January 6, 1910.

*J. H. McLarty* and *H. W. Nalley,* for plaintiff in error.

*J. S. James* and *Roberts & Hutcheson;* contra.

HOLDEN, J. W. T. Garner, the plaintiff in error (hereinafter referred to as the defendant), in 1902 gave to Mrs. Mary Leathers a note for the rent of certain land for the year 1903. Sometime in 1903 Mrs. Leathers transferred the note to the Douglasville Banking Company, defendant in error (hereinafter called the plaintiff). The latter caused a levy of a distress warrant to be made in October, 1904, on crops grown by the defendant that year on the same premises for the rent of which for 1903 the note was given. The defendant filed a counter-affidavit, alleging that the rent distrained

for was not due, which he afterwards amended by alleging that in March, 1903, there was filed to the May term, 1903, a suit in ejectment against his landlord, Mrs. Leathers, to recover the rented premises and mesne profits, to which he was made a party defendant in November, 1903, and enjoined from paying her any rents, and that in September, 1904, a receiver was appointed in this litigation to take charge of the rents, to whom the defendant immediately thereafter paid the rent for which the note was given; that Mrs. Leathers was not the owner of the premises, they having been recovered from her in the ejectment action in November, 1904, and the defendant had received no consideration for the note. The jury found for the plaintiff; the defendant's motion for a new trial was overruled, and he excepted. In the bill of exceptions, error is also assigned on certain pendente-lite rulings made by the court below.

The proceeding was purely a summary one, based upon the alleged right of the transferee of the rent note to foreclose a landlord's lien for rent. Conceding that the purchaser of the note obtained a valid transfer of all the rights which Mrs. Leathers as landlord had against the defendant, could it subject the property levied upon in the distress-warrant proceeding? This proceeding was an attempt to assert the general lien for rent provided by law in favor of a landlord. Under the Civil Code (1910), § 3340, "such general lien shall date from the time of the levy of a distress warrant to enforce the same." The assignment of the rent note could pass to the assignee no greater rights with respect to the collection of *rent* by foreclosure of a landlord's lien than the landlord, Mrs. Leathers, possessed; and if at the time the distress warrant was levied on October 28, 1904, Mrs. Leathers, if she had retained the rent note, could not have established a lien by levying a distress warrant because the right to collect the rents for 1903 never belonged to her, but to another, her transferee could not do so. It appears from the evidence that in March, 1903, an action in ejectment was filed against Mrs. Leathers to recover the premises for which the rent note was given, and that in September of that year the defendant Garner was made a party defendant in the ejectment proceedings and restrained from paying over to Mrs. Leathers any rents for these premises; and that in September, 1904, a receiver was appointed to take charge of the

rents for 1903 and 1904, to whom, during that month, the defendant in the present action paid the rent for which the note was given. This payment to the receiver by direction of the court took away from the landlord any further right to proceed, by foreclosure of lien, or otherwise, against the tenant for the recovery of the rent, and also deprived her assignee of any right to levy a distress warrant to assert a landlord's lien.

The charge of the court complained of, wherein reference was made to the judgment in the ejectment suit being the result of fraud, was unauthorized by the evidence. Though the judgment in the ejectment suit in favor of the plaintiff in that suit for the recovery from Mrs. Leathers of the premises rented by her to the defendant in the present suit and for the rent of these premises for the year 1903 was not rendered until after the levy of the distress warrant, this judgment was an adjudication that the payee of the rent note, if she had not disposed of it, would not have been at the time the distress warrant was levied, or at any other time, entitled to the rent of the land for 1903. While the transferee of the rent note was no party to the case in which the judgment above referred to was rendered, the judgment is presumed to be valid. It having been adjudicated, in a case to which Mrs. Leathers and the one to whom she rented the land for 1903 were parties, that Mrs. Leathers never at any time had any right to the rent of the land for 1903, and the tenant having paid to the receiver appointed in the ejectment suit the rent for 1903 in accordance with a judgment rendered in that suit, neither Mrs. Leathers nor her transferee of the rent note for 1903, given her by the tenant, had any lien for such rent. *Camp* v. *West,* 113 *Ga.* 304 (38 S. E. 822). No question arises in the present case as to the right of the transferee of the note, as innocent holder of a negotiable instrument, to proceed with the collection of the note itself by suit thereon.

The charge of the court complained of in the first ground of the amendment to the motion for a new trial, not being in accord with the ruling we make, was error. Counsel for the plaintiff in error insist that the court erred in refusing to dismiss the levy, and in refusing to grant a nonsuit, on the ground that the transferee of a note for rent has no right to foreclose the general lien in favor of a landlord for rent, but only has a right to foreclose

the special lien. We can not agree with this view. One to whom a landlord transfers a note of his tenant for rent has the right to foreclose the general or special lien of the landlord for rent. Civil Code (1910), §§ 3346, 3347. Under the evidence a verdict in favor of the defendant was demanded, and the court erred in refusing a new trial.

*Judgment reversed. All the Justices concur.*