## RAINES *v.* HINDMAN.

Certain premises were rented by the owner to another for a year, after the expiration of which the former sued out a dispossessory warrant to evict the latter, on the ground that he was a tenant holding over, and because of the non-payment of rent; and the alleged tenant arrested the proceedings by filing a counter-affidavit. *Held:*

1. The general rule that a tenant can not dispute his landlord's title does not prevent the tenant from showing that the landlord parted with his title to the rented premises during the term of the tenancy.

(*a*) Where it is shown that the landlord parted with his title during the term of the tenancy, he can not evict the tenant after the expiration of such term on the ground that the latter is a tenant holding over beyond his term, or on the ground of the non-payment of rent.

(*b*) This is true though the tenant may not have attorned to the grantee of the landlord.

JUNE 17, 1911.

Eviction. Before Judge Maddox. Floyd superior court. March 31, 1910.

*George A. H. Harris & Son,* for plaintiff.

*M. B. Eubanks,* for defendant.

HOLDEN, J. The plaintiff in error, on the 1st day of January, 1908, made an affidavit that he rented to the defendant in error a certain tract of land for the year 1907; that the latter failed to pay the rent when due; and that the plaintiff desired possession of the property, and the defendant refused to give him possession thereof. Upon this affidavit a warrant was issued on January 1st, 1908. In order to prevent eviction and arrest the proceedings, the defendant filed a counter-affidavit in the language of the statute, and gave the required bond. Other allegations were also made in the affidavit, which were stricken upon demurrer thereto. Upon the trial of the case the court directed a verdict in favor of the defendant, and the plaintiff excepted. Upon the trial of the case, the only evidence on behalf of the plaintiff was his own testimony, which was substantially as follows: He rented the land to the defendant for the year 1907. The rent was due about the 15th of October. Soon thereafter he demanded of the defendant payment of the rent. The latter has refused to pay him the rent due for 1907, and has refused to deliver the possession of the premises, though the plaintiff demanded of him such possession. The land is the same property that the plaintiff sold to Raper. The defendant introduced testimony substantially as follows: A deed from the plaintiff to Lewis

Raper, dated November 23, 1907, wherein the plaintiff conveyed the rented premises to Raper and warranted the title to the same. Allegations in a petition for injunction filed by the plaintiff and Lewis Raper against the defendant, to the effect that the plaintiff bargained with one R. B. McArver for the rented premises on November 14, 1907, and a deed to the same was executed by the latter to the former, and on November 23, 1907, the plaintiff sold to Lewis Raper the property, making a deed to the same, and took from the latter two mortgages, dated November 23, 1907, to secure the balance of the purchase-money, a part of which was due October 15, 1909, and the remainder October 15, 1910. The plaintiff objected to the admission in evidence of the documentary evidence just referred to, the main grounds of objection being that the tenant could not dispute the landlord's title to the rented premises until he had surrendered possession thereof to the landlord, and that the plaintiff had the right to recover possession of the property in order to deliver possession to the purchaser from him, and that there were no pleadings to authorize the admission of such evidence.

1. We do not think there was any error in the admission of the evidence objected to, nor in directing a verdict for the defendant. Under the common law, a chose in action was not assignable, and the landlord's grantee of the reversion could not maintain an action against the lessee on a covenant of the lease, though the covenant might run with the land. Only the grantor, his heirs, or personal representatives could take advantage of a breach of covenant by the lessee. It was also a part of the feudal law that the lord could not transfer the rented premises without the consent of his vassal, because the latter was entitled to the protection of the former and could not be deprived thereof without his consent, evidenced by his attornment to the grantee of the landlord or in some other way. These restrictions upon the rights of the landlord's grantee were removed by various English statutes as the necessity for transferring lands became greater. Under the statute of 32 Henry VIII, c. 34, the grantee of the landlord was entitled to sue the lessee on all the covenants in the lease. In this connection, see 1 Underhill on Landlord & Tenant, § 317; Broom's Common Law (9th ed.), 556. The contract of the defendant with the plaintiff for the rent of the premises for 1907 was made prior to the sale by the plaintiff of the rented premises to Raper, and the latter

took title to the property subject to the right of the defendant to have possession of the premises during 1907 as a tenant. Raper would have the right to the possession of the premises after 1907, and would have the right to collect from the tenant any rent that might be due for the premises, at least after the year 1907. In 1 Underhill on Landlord & Tenant, § 319, it is said: "Usually a grantor can not collect rent from his former tenants which has accrued after his sale of the reversion, unless he has expressly reserved his right to do so. This he will have to show, for the contrary will be presumed." After the expiration of 1907, the year for which the defendant had rented the premises from the plaintiff, Raper, the vendee of the plaintiff, had the right to evict the defendant as a tenant holding over. *Morrow* v. *Sawyer,* 82 *Ga.* 226 (8 S. E. 51) ; *Willis* v. *Harrell,* 118 *Ga.* 906 (45 S. E. 794). See, in this connection, *Grizzle* v. *Gaddis,* 75 *Ga.* 350. Raper had the right, after 1907, to dispossess the defendant as a tenant holding over, upon the failure of the latter to deliver possession to him; but the plaintiff, who sold the rented premises to Raper during the term of the tenancy, had no right, after 1907, when the term of tenancy had expired, to evict the tenant on the ground that he was a tenant holding over, or that he had failed to pay rent. The summary remedy of evicting the tenant and recovering double rent does not exist in behalf of both the original landlord and his grantee, but only in behalf of the latter. Whether the plaintiff could have dispossessed the defendant during 1907 for the non-payment of rent need not be considered. The doctrine is generally true that the tenant must deliver possession to his landlord before he can dispute his title. Under this doctrine, one who holds land rented from another will be estopped from claiming that at the time the property was rented the landlord did not have title thereto. This doctrine, however, can not be so extended as to prevent the tenant from showing that during the term of the tenancy the landlord's title expired by limitation, or that the same has been divested by judicial sale, or that the landlord has voluntarily parted with the title during the tenancy. Showing that the landlord has voluntarily parted with his title during the tenancy does not involve a dispute of the landlord's title at the time the contract for rent was made, but is an implied admission that the landlord had such title, but has parted therewith. The contention that another has

acquired title from the landlord during the tenancy necessarily involves an admission that the landlord then had title. The tenant is not estopped from showing that during the term of the tenancy the landlord has conveyed the title to the rented premises to another. *Beall* v. *Davenport, 48 Ga.* 165 (15 Am. R. 656) ;. 2 Tiffany on Landlord & Tenant, § 277; 1 Tiffany on Landlord & Tenant, § 78, n, p. 493; Jones on Landlord & Tenant, §§ 427, 703; 24 Cyc. 942 (e) ; Powell on Actions for Land, § 369; 2 Underhill on Landlord & Tenant, § 559, p. 934; 2 McAdam on Landlord & Tenant (3d ed.), § 421, pp. 1343, 1347. At a judicial sale the purchaser becomes the landlord of the tenant of the defendant in fi. fa. *Dollar* v. *Roddenbery, 97 Ga.* 148, 151·(25 S. E. 410). The failure of the defendant to show that he has attorned to the grantee of his original landlord would not give the latter the right to have him evicted by a dispossessory warrant. In the case of *Pritchard* v. *Tabor,* 104 *Ga.* 64 (30 S. E. 415), the question for decision was whether or not the grantee of one held to be the landlord of another could maintain a dispossessory warrant against the latter as a tenant holding over; and it was held that such a proceeding could be maintained. In that case there was no question before the court as to whether or not the original landlord could maintain such a proceeding.                    *Judgment affirmed. All the Justices concur.*