BALL *v.* CITIZENS BANK OF ROME *et al.*

BECK, J. The owner of a certain tract of land, on January 24, 1911, entered into a contract leasing the land to certain tenants for a period of three years, commencing January 1, 1912. As provided in that contract, notes for the annual rent of the premises were given by the tenants. On May 12, 1911, that is, subsequently to the execution of the rent contract and prior to the commencement of the period for which the premises were leased, the owner executed a warranty deed containing a power of sale, conveying to a creditor of hers, for the purpose of securing a debt, the lands rented as stated above. On July 12, 1912, and before the maturity of the crops on said rented land for that year, by virtue of the power of sale the grantee in the deed conveyed the land to one Charles Ball, the latter thereby acquiring all the right and title to the land of the owner first referred to. Prior to the execution of the warranty deed containing the power of sale the owner of the land, the payee in the rent notes, transferred the notes to the Citizens Bank of Rome, the defendant in error in this case. In October, 1912, the tenants, apprehending that Ball, the plaintiff in error, the purchaser of the land, would insist upon collecting the rent for the year 1912, and that the bank, the holder of the rent notes, would claim the right to enforce the same for the rent, filed a petition for injunction and interpleader against the plaintiff in error and the defendant in error, offering to turn

the rent over to the clerk of the superior court or any depositary designated by the court. The parties were required to interplead; and upon the hearing of the issue made between the bank and Ball the court determined the issue in favor of the bank, holding in effect that Ball was not entitled to enforce his demands for rent, and that the money paid into court as rent, or so much thereof as was necessary, should be applied to the extinguishment of the claim of the bank. *Held*, that the plaintiff in error, who became the owner of the rented land before the maturity of the crops, was entitled to recover the rent; and that while, under the provisions of the Civil Code, § 3343, relating to the transfer of certain liens, the bank was in as good a position to enforce the special landlord's lien as was the person who was the owner of the land at the time of the creation of the rent contract, it was in no better position as transferee than the transferor was; and as the transferor had parted with the title to the land before the maturity of the crop, he was not in position to enforce a lien, and the transferee could not do so; but the right to enforce a special lien for rent had arisen in favor of the purchaser of the land, the plaintiff in error in this case, and the court erred in holding otherwise.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

JANUARY 18, 1915.

Interpleader. Before Judge Wright. Floyd superior court. November 21, 1913.

*Harris & Harris,* for plaintiff in error.
*Denny & Wright* and *M. B. Eubanks,* contra.