## 10474. STEWART BROTHERS v. COOK.

JENKINS, P. J. Mrs. Willie C. Cook leased certain lands to Stewart Brothers for the years 1913, 1914, and 1915, at a stated yearly rental. During the year 1916 Mrs. V. C. Conyers, as agent for Mrs. Cook, took out a distress warrant, claiming for Mrs. Cook a certain sum as balance of rent due under the lease contract for the year 1915. Stewart Brothers filed a counter-affidavit alleging that the relation of landlord and tenant did not exist between Mrs. Cook and themselves. They also undertook to plead a set-off growing out of their services rendered Mrs. Cook in connection with the sale of said land to one Coggins, which set-off they contended they had the right to interpose by reason of the fact that Mrs. Cook was a non-resident of this State. On the trial of the distress warrant proceedings Stewart Brothers offered in evidence a recorded deed of conveyance dated *December 31, 1913,* under which Mrs. Cook had conveyed the rented premises to the said Mrs. Conyers. They also offered in evidence a bond for title from *Mrs. Conyers* to Coggins *dated October 16, 1916.* Both of these instruments, upon objection made by Mrs. Cook, were excluded from evidence, as was all evidence relating to any sale of said land, together with all evidence offered to prove the fact of the non-residence of Mrs. Cook. Upon the conclusion of the testimony the trial judge directed a verdict in favor of the plaintiff in the amount distrained for. Stewart Brothers except to the exclusion of the said evidence, and to the action of the court in directing a verdict against them. *Held:*

1. "The tenant can not dispute the landlord's title, nor attorn to another claimant while in possession" (Civil Code of 1910, § 3696); but where the landlord parts with his title pending the lease, the tenant thereupon, and by operation of law, in the absence of any reservation to the contrary, becomes the tenant of the purchaser (*Grizzle* v. *Gaddis,* 75 *Ga.* 350, 354); and in such a case the right to recover rent which had not accrued at the time of the sale is therefore ordinarily not with the original landlord, but rests in the vendee. Powell's Actions for Land, § 369. In such a case, where the former landlord attempts to distrain for subsequently accruing rent, the tenant is not estopped from denying the relationship of landlord and tenant by showing that during the term of the tenancy the landlord conveyed to another his title to the rented premises, as this does not involve a dispute as to the title held by the landlord at the time the contract for rent was made, but, on the contrary, necessarily involves an admission that the landlord then had title. *Garrison* v. *Parker,* 117 *Ga.* 537, 540 (43 S. E. 849); *Beall* v. *Davenport,* 48 *Ga.* 165, 168 (15 Am. R. 656); *Raines* v. *Hindman,* 136 *Ga.* 450, 452 (71 S. E. 738, 38 L. R. A. (N. S.) 863, Ann. Cas. 1912C, 347); *Ferguson* v. *Hardy,* 59 *Ga.* 758. See also note to Glidden v. Investment Co., L. R. A. 1915C, 228 (2-a); Speicher *v.* Lacy, 35 L. R. A. (N. S.) 1066, and note (28 Okla. 541, 115 Pac. 271); 16 R. C. L. 915, § 422. But where, as in this case, the distress warrant is instituted by the *vendee as agent for the original landlord,* not only would such vendee be estopped from claiming the rent on her own behalf, but such action on her part is sufficient to conclusively show that under

the terms of the sale the original relation of landlord and tenant had not been disturbed, and that the rent remained due and owing as originally provided.

2. The rejection of the evidence offered for the purpose of showing the fact of non-residence of Mrs. Cook could not have been harmful to defendants, since not only did the defendant entirely fail to supply any valid testimony showing the contract for the services by reason of which the set-off is claimed, but at the time the alleged sale to Coggins was effected, the defendants themselves contend that title to the land had long since passed out of the plaintiff.

*Judgment affirmed. Stephens, J., concurs. Smith, J., disqualified.*
DECIDED NOVEMBER 26, 1919.

Distraint; from Rockdale superior court—Judge Smith. February 7, 1919.

*A. C. & J. H. McCalla,* for plaintiffs in error. *J. R. Irwin,* contra.