## 19496. SCHNEDL v. LANGFORD.

BELL, J. Where an owner of farm lands, after executing a deed with power of sale to secure a debt in 1926, rented the lands to another for the year 1928 and took a note from the tenant for the amount of the rent, which note he transferred to a third person, and where a valid sale of the land was made under the power of sale in June, 1928, the purchaser succeeded to the lien rights of the original landlord, to the exclusion of both the latter and his transferee, and the transferee could not thereafter maintain a distress warrant against the tenant for the recovery of such rent. In the instant distress-warrant proceeding instituted by the transferee, in which the tenant filed a counter-affidavit based upon such sale of the premises during the term of the lease, the court, trying the case without a jury, on an agreed statement of facts, properly rendered judgment in favor of the defendant. *Ferguson* v. *Hardy*, 59 *Ga.* 758; *Hancock* v. *Boggus*, 111 *Ga.* 884 (3) (36 S. E. 970); *Blitch* v. *Lee*, 115 *Ga.* 112 (41 S. E. 275); *Garrison* v. *Parker*, 117 *Ga.* 537 (43 S. E. 849); *Raines* v. *Hindman*, 136 *Ga.* 450 (71 S. E. 738, 38 L. R. A. (N. S.) 863, Ann. Cas. 1912C, 347); *Hines* v. *Lavant*, 158 *Ga.* 336 (3) (123 S. E. 611); *Brooks* v. *Causey*, 36 *Ga. App.* 233 (2) (136 S. E. 282).

(*a*) This case is unaffected by the act of August 21, 1922 (Ga. L. 1922, p. 114), declaring that growing crops shall be personalty.

(*b*) Whether the transferee of the rent note would be entitled to an action thereon as an innocent holder is a question not involved in the present controversy. *Camp* v. *West*, 113 *Ga.* 304 (2) (38 S. E. 822); *Garner* v. *Douglasville Banking Co.*, 136 *Ga.* 310 (71 S. E. 478); *Finance Co.* v. *Jones*, 33 *Ga. App.* 94 (3) (125 S. E. 510).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JULY 13, 1929.

*Duke Davis,* for plaintiff. *Lovejoy & Mayer,* for defendant.