### 23907, 23908. PAUL *v.* MUTUAL BENEFIT LIFE INSURANCE COMPANY; and *vice versa.*

JENKINS, P. J. 1. Upon the sale of land under a power granted in a security deed, where, as in this case, the instrument was executed prior to the passage of the act of August 21, 1922, declaring all crops to be personalty, the signer of a rent note, executed to the grantor in the security deed prior to the sale.of the land thereunder, ceased to be a tenant of the grantor and became the tenant of the grantee as purchaser of the land under the sale, and was accountable to him for the rent due under the contract made with the grantor. *Chason* v. *O'Neal,* 158 *Ga.* 725 (124 S. E. 519); *Blitch* v. *Lee,* 115 *Ga.* 112 (41 S. E. 275); *Garrison* v. *Parker,* 117 *Ga.* 537, 538 (43 S. E. 849); *Dollar* v. *Roddenbery,* 97 *Ga.* 148 (25 S. E. 410); *Hancock* v. *Boggus,* 111 *Ga.* 884 (36 S. E. 970); *Brooks* v. *Causey,* 36 *Ga. App.* 233 (136 S. E. 282). The amount of rent recoverable is recognized in these cases as being the stipulated interest in the crops held by the grantor, or other agreed rental. In the *Chason* case, supra, it was only because the grantor had allowed the tenant to occupy the land without payment of rent that the court held that under such circumstances the purchaser at the sale was. entitled to a fair and reasonable amount, in the absence of any prior stipulation. The court therefore did not err in directing a verdict in favor of the plaintiff for the amount of rental as stipulated in the rental agreement.

2. There was no evidence to raise any issue for the jury as to whether the tenant, the wife of the grantor in the security deed, executed the rental note as an assumption of the debt of the husband secured by the deed to the grantee, since it appeared, without dispute, that this note was

not executed to or for the grantee and was never assigned to the grantee, but was assigned to a third person. Nor did the evidence present any question of estoppel against the grantee in the security deed from proceeding to collect the rent due, upon the ground that in previous years, but not during the year in question, the husband had taken rental notes from the wife and assigned them to the creditor in lieu of paying interest on the security-deed loan. Nor did the tenant wife raise in the trial court the contention, now sought to be adjudicated here, that her rent note payable to her husband and assigned by him to a third person constituted a contract of sale of her separate estate made without an order of approval from the superior court, in contravention of section 3009 of the Civil Code (1910) (Code of 1933, § 53-504). Even if such a defense had been pleaded and were meritorius (see *Anderson* v. *Higginbotham,* 174 *Ga.* 565 (2, *b*), 163 S. E. 477; *McArthur* v. *Ryals,* 162 *Ga.* 413 (5), 417, 134 S. E. 76; *Williams* v. *Rhodes,* 149 *Ga.* 170, 99 S. E. 531; *Munroe* v. *Baldwin,* 145 *Ga.* 215, 88 S. E. 947; *Scaife* v. *Scaife,* 134 *Ga.* 1, 3, 67 S. E. 408), the evidence in the record fails to show that the approval of the superior court was not obtained.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. Stephens and Sutton, JJ., concur.*

DECIDED FEBRUARY 7, 1935. REHEARING DENIED FEBRUARY 27, 1935.

*Robert R. Forrester, Thomas H. Milner,* for plaintiff in error.
*E. L. Forrester, G. C. Webb,* contra.