24485.  EDWARDS *v.* ASKEW.

86

*Lowrey Stone,* for plaintiff in error. *A. L. Miller,* contra.

Broyles, C. J. B. H. Askew filed suit against Eddie Edwards, alleging "that Eddie Edwards is indebted to your petitioner for rent of the farm occupied by him this year, 1933, in the sum of $75.00, said rents having become due on the 1st day of November, 1933; and he fails and refuses to pay the same although often requested to do so." To meet a demurrer, the plaintiff amended his petition by describing the farm, and by adding a paragraph alleging "that said lands were sold under a deed to secure debt dated the 16th day of April, 1931, and securing a note dated December 13, 1931, executed by W. W. Calhoun Jr. to B. H. Askew, and that the said B. H. Askew was the purchaser of said lands at said sale on the 3rd day of October, 1933, after being duly advertised as provided in said security deed, and that under the law the rents on said farm cultivated by the said defendant for the year 1933 situated on said land so sold on the 3rd day of October, 1933, under the powers contained in said deed, became due and payable to the purchaser at said sale, B. H. Askew." "After argument upon the demurrers to the original petition and the amendment thereto," the demurrers were overruled, and "to each of these rulings plaintiff in error excepted, and now excepts, and assigns error thereon." After the ruling on the demurrers, the case was submitted to the presiding judge upon the following agreed statement of facts: "On April 16, 1931, W. W. Calhoun Jr., the owner of what is known as the Respass place in the 4th district of Calhoun county, Georgia, executed a security deed thereon to B. H. Askew to secure his note due December 13, 1931. Said security deed was duly recorded on April 18, 1931. W. W. Calhoun Jr. made default in the payment of such note, and B. H. Askew legally exercised the

power of sale contained in his security deed, and under such power legally sold said land to himself on October 3, 1933, at public outcry, after due and legal advertisement, and has since October 3, 1933, been the owner of said land. Eddie Edwards rented a one-horse farm, being a portion of said Respass place, from W. W. Calhoun Jr. for the year of 1933, giving said Calhoun his rent note therefor in the sum of $75.00, due October 1, 1933, which note said Eddie Edwards paid to said Calhoun on September 30, 1933. At the time said Edwards rented said land from said Calhoun, said Calhoun was in possession of such land so rented and continued in possession of it until October 3, 1934." The trial judge rendered judgment in favor of the plaintiff for the full amount sued for, and to this judgment plaintiff in error excepts directly and assigns error thereon.

The petition, which differed materially from the proof, as shown by the agreed statement of facts, set out a cause of action, and the court did not err in overruling the demurrers thereto.

From the agreed statement of facts it will be noted that Edwards rented from Calhoun, gave his note for rent to Calhoun, and paid his rent note to Calhoun; that when Edwards rented, Calhoun was in possession of the land; that when the note was due, Calhoun was in possession; and when the note was paid, Calhoun was in possession; that Edwards paid it to the payee and holder of his rent note and his landlord at the time of payment; that Askew did not become the owner or landlord until after the note was due and paid. Askew acquired only the interest of the grantor in the deed at the date of the sale, and the grantor's interest in the rent for 1933 had been satisfied prior to the sale. It is not disputed that Calhoun, prior to the sale, rented in good faith the lands to Edwards, who raised a crop thereon. See, in this connection, *Chason* v. *O'Neal,* 158 *Ga.* 725 (3) (124 S. E. 519). There is nothing in the record to show that Edwards paid Calhoun "for no other purpose but to defeat Askew in collecting from Eddie Edwards," as contended by counsel for the defendant in error. The record shows that Edwards deferred payment until the last day before the note was due, and had he paid it on the last day, the status would have been the same, as this date also was before Askew became the owner of the land. Calhoun, the holder and payee of the note, the one in possession of the land at the time of

payment and at the time of the maturity of the note, and the landlord of Edwards at the time of such payment, was the only person to whom Edwards could legally pay the note, if he met his obligation at the time he contracted to do so. To hold otherwise would penalize him for paying his rent note promptly, and would jeopardize the property rights of many tenants, including those in past transactions where the statute of limitations had not run; because a tenant can not anticipate whether or not his landlord will sell, and, under the procedure insisted upon by the defendant in error, any landlord might collect his rent on October 1, sell the property a few days thereafter, and subject the tenant to having to pay the rent twice, thus paving the way for collusion and fraud between the seller and the purchaser of property to collect the rent twice. In the instant case the holder of the security deed had ample opportunity to exercise the power of sale and buy the property in time to be legally entitled to the rent for 1933, for the note secured by the deed was due December 13, 1931. But instead he did not buy the property under such power of sale until October 3, 1933, after the rent note for 1933 was due and paid.

We therefore hold that where the owner of farm lands rents, in good faith, such lands to another, and the tenant gives a rent note to such owner and landlord, due October 1, 1933, and, on September 30, 1933, pays such rent note to such owner, who, at the time of payment and of maturity of the note, is the holder of the note, the one in possession of the land, and the landlord, and where on October 3, 1933, after payment and after maturity of the rent note, a purchaser acquires ownership of the property at a public sale under a power of attorney contained in a security deed, the purchaser has no right of action against the tenant for the rent of such lands prior to the time that the purchaser was the owner thereof.

This ruling does not conflict with that in *Schnedl* v. *Langford*, 40 *Ga. App.* 190 (149 S. E. 102), cited by counsel for defendant in error. In that case the sale to the purchaser was in June—the middle of the year, while in the instant case the sale to the purchaser was in October. In that case "the purchaser succeeded to the lien rights of the original landlord," while in the instant case the landlord had no lien rights against the tenant to which the purchaser could succeed, the lien having been satisfied before the

land was sold. In that case the purchaser became the landlord of the tenant before maturity of the rent note, and in the instant case the original owner was the landlord at maturity of the rent note, and the only one to whom the tenant could lawfully pay the note on the date of maturity thereof. As stated in *Brooks* v. *Causey,* 36 *Ga. App.* 233 (2), "the question is whether the purchaser at a sale of the land became the landlord of the signer of the rent note, and, as such, became entitled to the rents and profits of the land for that year. . . A satisfaction of rent can be made only by payment to the landlord or to a transferee of one occupying that status." We do not hold that a purchaser of leased farm lands during the term of the lease is not entitled to the grantor's interest in the crops for that year; but we do hold that under the agreed statement of facts in the instant case, the grantor had no such interest on the date of the sale, and the purchaser had no right of action against the tenant for the rent of the lands.

Under the agreed statement of facts, the court erred in rendering judgment for the plaintiff.

*Judgment reversed.  MacIntyre and Guerry, JJ., concur.*