25404. NEAL *v.* HUBBARD.

DECIDED APRIL 17, 1936.

*B. J. Stevens,* for plaintiff in error. *Randall Evans Jr.,* contra.

BROYLES, C. J. Mrs. W. W. Hubbard instituted a distress warrant proceeding against Iverson Neal for rent of certain lands. The only issue submitted to the jury was "as to whether or not the crops of Iverson Neal had reached a state of maturity on the 13th day of September, 1934," the date on which Mrs. Hubbard acquired title to the land. The jury found that the "crop was not matured September 13, 1934," whereupon the court entered judgment against the defendant for the rent, interest, and costs. The defendant made a motion for new trial which was overruled, and on this judgment he assigns error. The special grounds of the motion allege that the court erred: 1st, in submitting to the jury as the only issue to be passed upon by them the matter of determining whether the crops of the defendant had matured on September 13, 1934; 2d, because, after the verdict was rendered, the court erred in entering judgment against the defendant, as there was no evidence on which to base such judgment; 3d, because the court erred in not instructing the jury what was meant by the maturity of the crops.

An agreed statement of facts shows that in 1930, S. T. Holliman executed a security deed to Mrs. W. W. Hubbard to the land in question, Holliman retaining possession; that Holliman rented the land to Neal for the year 1934, for 1000 pounds of lint middling cotton of the value of $130, and took Neal's rent note for same; that on September 13, 1934, Mrs. Hubbard, under the power of sale contained in the security deed, sold the land to the highest bidder, she being the purchaser; that a deed was executed to Mrs. Hubbard after the purchase at said sale; that Mrs. Hubbard notified Neal twice to pay the rent to her and not to S. T. Holliman, in view of her purchase of the land at the said sale on the 13th day of September, 1934; that Neal received both of said notices *before* actual payment of the rent to Holliman; that in November, 1934, Mrs. Hubbard executed a bond for title to John Adams for said land.

Under the facts of this case, "upon the sale of the land under the power granted in the security deed, the signer of the rent note ceased to be the tenant of the grantor in the security deed, and

became the tenant of the purchaser of the land under that sale." *Brooks* v. *Causey,* 36 *Ga. App.* 233 (2) (136 S. E. 282); *Schnedl* v. *Langford,* 40 *Ga. App.* 190 (149 S. E. 102); *Hines* v. *Lavant,* 158 *Ga.* 336 (3) (123 S. E. 611). In *Ball* v. *Citizens Bank of Rome,* 143 *Ga.* 55 (84 S. E. 122), it was held that the party "who became the owner of the rented land *before the maturity of the crops,* was entitled to recover the rent." (Italics ours.) As stated in *Schnedl* v. *Langford,* supra, "this case is unaffected by the act of August 21, 1922 (Ga. L. 1922, p. 114) [Code of 1933, § 85-1901], declaring that growing crops shall be personalty." It follows that the tenant Neal was due to pay the rent to the purchaser of the land, Mrs. Hubbard. The date of the maturity of a crop depends upon the nature of the crop, whether the seasons are favorable or unfavorable, and the section of the State in which the crop is raised. Witnesses familiar with these matters, some of whom had seen the crop of the defendant, testified on the trial; and the evidence, though conflicting, supported the finding of the jury. The special grounds of the motion for new trial are without merit, and the court did not err in overruling the motion.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*