CHASTAIN *v.* GARDNER *et al.*

No. 12602. JANUARY 12, 1939.

*H. E. Edwards,* and *G. B. Walker,* for plaintiff in error.
*R. B. Lambert* and *Marvin G. Russell,* contra.

DUCKWORTH, Justice. The Court of Appeals certified to this court the following questions: "1. Where the owner of a tract of land encumbered by a security deed dated subsequently to the act of 1922 (Ga. L. 1922, p. 114), which declares all crops to be personalty, leases it to a tenant for a calendar year, with the rent falling due on November 1st, and where the holder of the security deed sells the land under the power of sale contained in the deed on the first Tuesday in September, before the crops mature and before the rent is paid to the original owner, in a proper proceeding is the original owner entitled to recover the rent for the entire year from the tenant? 2. If the first question is answered in the negative, is the purchaser at the sale under power in the security deed entitled to the rent for the entire year? 3. If the first and second questions are answered in the negative, should the rent be prorated between the original owner and such purchaser at the sale under power in the security deed, in proportion to the length of time each has owned the land during the year?" *Held:*

1. Where the owner of a tract of land encumbered by a security deed dated subsequently to the act of 1922 (Ga. L. 1922, p. 114, Code, § 85-1901 et seq.), which declares all crops, matured or un-matured, to be personalty, leases it to a tenant for a calendar year, with the rent falling due on November 1, and the holder of the security deed sells the land under the power of sale contained in the deed on the first Tuesday in September, before the crops are mature and before the rent is paid to the original owner, the purchaser, in the absence of any agreement to the contrary between the purchaser and the original owner, is entitled to the rent for the entire year to the exclusion of the original owner, and no proration of rent under these circumstances will be required. *Ferguson* v. *Hardy,* 59 *Ga.* 758; *Dollar* v. *Roddenbery,* 97 *Ga.* 148 (25 S. E. 410);

*Blitch* v. *Lee,* 115 *Ga.* 112 (41 S. E. 275); *Garrison* v. *Parker,* 117 *Ga.* 537 (43 S. E. 849); *Ball* v. *Citizens Bank of Rome,* 143 *Ga.* 55 (84 S. E. 122); *Schnedl* v. *Langford,* 40 *Ga. App.* 190 (149 S. E. 102), affirmed, 171 *Ga.* 207 (154 S. E. 912); *Neal* v. *Hubbard,* 53 *Ga. App.* 267 (185 S. E. 384).

(a) In the above circumstances the purchaser becomes the landlord as a matter of law, and no attornment by the tenant is necessary. *Grizzle* v. *Gaddis,* 75 *Ga.* 350, 354; *Raines* v. *Hindman,* 136 *Ga.* 450 (71 S. E. 738, 38 L. R. A. (N. S.) 863, Ann. Cas. 1912C, 347); *Stewart Bros.* v. *Cook,* 24 *Ga. App.* 509 (101 S. E. 304).

(b) The act of 1922, supra, declaring that growing crops shall be personalty, does not affect the above rule. *Schnedl* v. *Langford,* supra; *Neal* v. *Hubbard,* supra.

(c) No decision is necessary on the effect of the act of 1922, supra, as to what rights the purchaser, former owner, and tenant, under the circumstances, may have in the unmatured crops. See *Bagley* v. *Columbus So. Ry. Co.,* 98 *Ga.* 626 (25 S. E. 638, 34 L. R. A. 286, 58 Am. St. R. 325), and cit.; *Chason* v. *O'Neal,* 158 *Ga.* 725 (124 S. E. 519); *Brooks* v. *Causey,* 36 *Ga. App.* 233 (136 S. E. 282); *Paul* v. *Mutual Benefit Life Ins. Co.,* 50 *Ga. App.* 762 (178 S. E. 926); *Neal* v. *Hubbard,* supra; and cases cited in division 1 above.

2. It follows that questions 1 and 3 are answered in the negative and question 2 in the affirmative.     *All the Justices concur.*