29820.  DARLING STORES CORPORATION *v.* WILLIAM
BEATUS INC.

Decided February 25, 1943.  Rehearing denied March 9, 1943.

870

*George & John L. Westmoreland,* for plaintiff in error.

*Isaac M. Wengrow, Albert E. Mayer,* contra.

FELTON, J. 1. The court erred in holding that the plaintiff was entitled to double rent in the amount double the amount stipulated in the lease, and in excluding evidence of the reasonable rental value of the premises. Under the provisions of the lease providing for cancellation, when the lessor gave the notice the lease terminated by lapse of time at the time specified in the notice, which was July 1, 1941. This notice had the effect of making the expiration date of the lease July 1, 1941, instead of the date named in the lease. In such a case a tenant holding over is liable for double the reasonable rental value of the premises from the date of the demand proved or presumed, as the case may be. *Stanley* v. *Stembridge,* 140 *Ga.* 750 (79 S. E. 842). *Talley* v. *Mitchell,* 138 *Ga.* 392 (75 S. E. 465), is cited by defendant in error as authority to the contrary. In that case the lease provided that "should the premises be destroyed or damaged by fire so as to be untenantable, the conditions of this lease shall cease from the date of the fire until the premises shall be restored to as good condition as they were in previous to the fire." In such case it was contemplated that there might be an interruption of the conditions of the lease until the landlord restored the premises, or, that there would be a termination of the lease by a refusal of the landlord to repair, and, inferentially, that the tenant would surrender possession in case the landlord elected not to repair. The effect of the stipulation was that the tenant could terminate the lease in the event there was no restoration of the premises provided he would surrender possession. It was distinctly held in the case last mentioned that surrender of the premises was necessary under such a provision to the release of the tenant from the liability to pay rent. The tenant was estopped by his conduct from contending that the lease had expired or that he was released. The *Mitchell* case was based on the theory that the rent was not paid or possession surrendered, and not that the tenant was holding over. *Stanley* v. *Stembridge,* supra. So, in this case, if the tenant alone had given the notice stipulated for, and had not surrendered the premises, it

would have been liable for the stipulated rent, because its conduct would have belied its words. In this case notice by both parties was not necessary, and *notice by the landlord* was effective to terminate the lease as of July 1, 1941. If it was not, it had no right to dispossess the tenant for *holding beyond the term*.

2. No proof of demand for possession of the premises was necessary in this case because it would have been futile. The tenant gave notice just prior to July 1, 1941, that it would not surrender possession by that date. *Werner* v. *Footman,* 54 *Ga.* 128.

3. A tenant, before surrendering possession, is estopped to dispute the landlord's title recognized by entry under lease with the landlord. Code § 61-107. The tenant in this case entered under the lease with William Beatus Inc., had always recognized it, and sought to cancel it under its terms. There is no evidence as to who owns the legal title to the property. If William Beatus had no title at all, William Beatus Inc. could not take umbrage under it without surrendering possession, nor could Darling Stores Corporation as against William Beatus Inc. If William Beatus leased the property to William Beatus Inc. without having any title or without having all of the title, the purchase of it at the foreclosure sale by William Beatus Corporation and conveyance to William Beatus cured the defect. Code § 29-111. The effect of the sale to William Beatus Corporation simply had the effect of changing the landlord, if the purchaser ratified the lease. *Dollar* v. *Roddenbery,* 97 *Ga.* 148 (25 S. E. 410); *Chastain* v. *Gardner,* 187 *Ga.* 462 (200 S. E. 786), and cit. William Beatus Corporation ratified the lease and kept it and the sublease in life. Upon conveyance of the premises by William Beatus Corporation to William Beatus he became bound by the lease, having actual notice of it and its ratification by William Beatus Corporation and of possession under it and the sublease. Both leases were valid and operative at all times until cancellation of the sublease.

The court erred in directing a verdict for double the contract rental, and in excluding evidence as to the reasonable rental value, and in overruling the motion for new trial.

*Judgment reversed. Stephens, P. J., and Sutton, J., concur.*