### 17325. BROOKS v. CAUSEY.

1 "Notwithstanding the act of August 21, 1922 (Acts 1922, p. 114), which declares all crops to be personalty, the purchaser of lands under a power of sale in a security deed of older date than said act, after its passage, acquired title to crops growing on such lands, grown after the passage of this act, if they were grown and owned by the grantor in such deed; but if the grantor had in fact, prior to such sale, rented in good faith these lands to others, who raised such crops, such purchaser did not . acquire title to them, but only the interest of the grantor in such deed in these crops." *Chason* v. *O'Neal,* 158 *Ga.* 725 (158 S. E. 725).

2. In this case it appears that the grantor in a security deed had taken a

---

Landlord and Tenant, 36 C. J. p. 384, n. 44; p. 485, n. 24; p. 530, n. 1. Mortgages, 41 C. J. p. 999, n. 80; p. 1000, n. 90; p. 1001, n. 98.

rent note for the premises, which note, having been transferred to a bona fide purchaser for value, was thereafter paid to the transferee by the tenant of the grantor, and the question is whether the purchaser at a sale of the land became the landlord of the signer of the rent note, and, as such, became entitled to the rents and profits of the land for that year, or whether the grantor of the security deed had parted with all interest in the crops by the transfer of the rent note (see *Butt* v. *Story,* 5 *Ga. App.* 540, 63 S. E. 658), with the effect that there remained no interest of his for the purchaser at the sale to acquire. *Held:* Under the ruling made in the *Chason* case, *supra,* upon the sale of the land under the power granted in the security deed, the signer of the rent note ceased to be the tenant of the grantor in the security deed, and became the tenant of the purchaser of the land under that sale. Accordingly, since a satisfaction of rent can be made only by payment to the landlord or to a transferee of one occupying that status, and since neither the grantor nor the transferee of the rent note continued to occupy the status of landlord, a payment of what purported to be rent to either could not satisfy the claim of the rightful landlord. This claim for rent the grantor in the outstanding security deed had no right to extinguish as against one who might become the rightful owner thereof, either by gift (*Chason* v. *O'Neal,* supra) or by mortgage (*Virginia-Carolina Chemical Co.* v. *Floyd,* 159 *Ga.* 555, 126 S. E. 378), or by a transfer, since a transferee would be in no better position than the transferor; "and as the transferor had parted with the title to the land before the maturity of the crop, he was not in position to enforce a lien, and the transferee could not do so; but the right to enforce a special lien for rent had arisen in favor of the purchaser of the land." *Ball* v. *Citizens Bank,* 143 *Ga.* 55 (84 S. E. 122). Accordingly, payment of such a note to its transferee by its maker, who had ceased to be the tenant of its payee and had become the tenant of the purchaser of the land, could not affect the right, claim, or lien for rent of the purchaser of the land, who had thereby assumed the status of landlord. The court erred in sustaining the tenant's counter-affidavit and in dismissing the levy of the distress warrant.

. DECIDED DECEMBER 20, 1926.

Distraint; from city court of Carrollton—Judge Hood. March 6, 1926.

*S. Holderness,* for plaintiff. *Smith & Millican,* for defendant.

JENKINS, P. J. This case was tried under the following agreed statement of facts, as shown by the bill of exceptions:

"(a) J. M. Brooks conveyed the land on which the cotton levied on was grown to G. S. Algood by warranty deed, consenting that Algood might convey the property to the Federal Land Bank of Columbia, S. C., to secure a loan of $2,000 on July 29, 1922, with the further agreement that, for the balance of the purchase-money due Brooks for the land from Algood, . . . Algood would

execute to Brooks a deed to said land, subject to the rights of said Federal Land Bank of Columbia. (*b*) Brooks executed a deed to Algood. (*c*) Algood executed his loan deed to the Federal Land Bank of Columbia. (*d*) Algood then executed to Brooks a deed to secure the remainder of the purchase-money, subject to the rights of said bank, dated the 29th of July, 1922, and recorded August 14th, 1922, in Deed Book 23, page 8, in the office of the clerk of Carroll superior court, which said security deed gave Brooks the right, upon default in the payment of the purchase-money, to sell the equity of said Algood in said land and at said sale to become the purchaser himself. (*e*) In July, 1925, Algood having defaulted in the payment to Brooks, Brooks declared the debt due, advertised the land for sale, and on the 4th day of August, 1925, before maturity of growing crops thereon, sold said land and became the purchaser thereof at and for the sum of $2,250, executing to himself a deed, which said deed was recorded on the 4th of August, 1925, in Deed Book 28, page 365. (*f*) In the meantime and prior to the advertisement of sale of said property Algood had rented said land to Sim Causey for the year 1925 for $300, to be paid in the fall of 1925, and Causey had executed to Algood his negotiable promissory note for said rent. (*g*) Before the maturity of said note Algood transferred the same for value to W. L. Stedham. (*h*) Causey paid Stedham, and paid him before the distress warrant in the instant case was sued out and before Brooks had made demand on him for rent. (*i*) Brooks thereafter, as will be shown by the distress warrant, sued out a distress warrant against Sim Causey and caused the same to be levied on the crops grown by Sim Causey on the premises bought in by him on the 4th of August, 1925, and described in said loan deed. (*j*) Algood had consent possession of said property through himself or tenants until the date of the sale in 1925. The facts are that before Brooks made Algood the deed above referred to, Algood held the property under a bond for title, and possession thereof under said bond, and the deed was made merely to enable Algood to borrow money from the loan company. (*k*) Algood traded the Causey note to Stedham in the spring of 1925 before the sale of the property. The distress warrant was in the usual form, and [was] sued on on September 16, 1925, for the sum of $300, and was levied on the same date

on thirty acres of cotton in the field and thirty acres of corn in the field, and notice given Sim Causey, tenant in possession."

The court sustained the defendant's counter-affidavit, and dismissed the levy of the distress warrant, and to that ruling exception was taken.

*Judgment reversed. Stephens and Bell, JJ., concur.*