## MARSHALL *v.* CHARLAND, administratrix.

Where a year's support had been set aside to a widow prior to the pendency of a suit which resulted in a judgment setting up a special lien upon the property set apart to the widow, such judgment being founded upon a security-deed by the deceased husband conveying the property to the plaintiff, on the trial of a claim filed by the widow to this property, levied upon under a fi. fa. issued upon the judgment, she had the right to attack the deed as being void for usury.

Argued October 20, — Decided November 25, 1898.

Levy and claim. ´ Before Judge Butt. Talbot superior court. March term, 1898.

*J. J. Bull* and *C. J. Thornton*, for plaintiff in error.
*J. H. McGehee*, contra.

COBB, J.  On March 1, 1887, Solomon J. Marshall executed to the Georgia Loan & Trust Company certain promissory notes, and, as security for the payment of the same, a deed under section 1969 of the Code of 1882.  The notes were immediately transferred to one Johnson, and by him to Mrs. Charland as administratrix.  On August 22, 1893, suit was brought upon the notes by Mrs. Charland as administratrix (for whom the record does not disclose) against Raines, administrator of Solomon J. Marshall.  A general judgment was obtained therein against the defendant, and a special judgment against the land described in the security-deed.  The execution from this judgment was, on October 7, 1895, levied upon the land as the property of the estate in the hands of the administrator, and a claim was interposed by Mrs. Marshall, the widow of Solomon J. Marshall.  The claimant also filed an equitable plea, in which she set up that the notes which were the foundation of the judgment were usurious, and the deed therefore void; that the maker of the notes and the deed was her husband, and after his death the land embraced in the deed was set apart to her by the ordinary as her year's support, and under the statute the title to the land vested in her; that the plaintiff and Johnson and the Georgia Loan & Trust Company were in collusion for the purpose of obtaining usury and concealing the amount charged; that the amount of usury charged was unknown to the defendant, and she prayed discovery as to the amount from the plaintiff and Johnson and the trust company, and that the latter be made a party defendant.  When the case was called for trial, plaintiff demurred orally to this plea and moved to strike it, because it set up usury in the deed given by Solomon J. Marshall in his lifetime to secure a debt, and the claimant being the wife of Solomon J. Marshall, and the foundation of her claim being a year's support set apart since his death, she could not attack the judgment upon which the fi. fa. levied was issued.

The court sustained the demurrer, and to this the claimant excepted. The claimant introduced in evidence her application for year's support, and the order appointing the appraisers and their return, and the judgment of the ordinary approving their return at the August term, 1892. Claimant offered evidence to show that the deed from her husband, upon which the plaintiff relied, was infected with usury. The court refused to admit the evidence, and the claimant excepted.

The title of the claimant under the proceedings setting apart to her a year's support having been acquired before the suit was filed to enforce a special lien on the property set apart to her, she would not be precluded, under the operation of the doctrine of lis pendens, from attacking for usury the deed which is relied upon as the foundation of the lien sought to be enforced under a judgment rendered on proceedings begun after title to the year's support had vested in her. She stands in the same position as if she had purchased the property from her husband; and a purchaser from him before proceedings begun to enforce the security-deed made by him would be allowed to attack such a security-deed for usury. The doctrine of lis pendens, of course, has no application to such a case. In the case of *Ruker* v. *Womack*, 55 *Ga.* 399, Judge Bleckley uses this language: "Where the doctrine of lis pendens applies, privies are concluded by a final judgment on the merits in a case pending when they purchased; but there is, perhaps, no instance in the whole law where privies in estate are held affected by the result of litigation in a suit commenced by or against a predecessor in title after he has transmitted all the title he ever had." This case therefore is controlled by the case of *Ryan* v. *Am. F. L. M. Co.*, 96 *Ga.* 322, and is to be distinguished from the case of *Swift* v. *Dederick*, ante, 35, for the reason above stated. The equitable pleading, not distinctly averring that the year's support was set apart to Mrs. Marshall before the suit filed by Mrs. Charland was begun, was probably demurrable; but when at a subsequent stage of the case it appeared in the evidence of the claimant that the year's support proceedings were complete before Mrs. Charland's suit was begun, the claimant should have been permitted to introduce evidence showing that the debt of

the plaintiff in execution was infected with usury. If this was established, the deed given to secure the debt was void, the title to the land had never passed out of S. J. Marshall during his lifetime, and the rights of the widow under the year's support set apart to her were superior to those of the plaintiff in execution under the judgment that she was seeking to enforce.

*Judgment reversed. All the Justices concurring, except Lumpkin, P. J., and Little, J., absent.*