## CADE *v.* LARNED.

That a married woman in writing consented to and approved a security deed executed by her husband, conveying land to which he had title, did not estop her from subsequently setting up that this deed was void for usury, she having, before the bringing of an action against her husband on the secured debt, taken a conveyance of the land from him and having filed a claim thereto in resistance to a levy made at the instance of the holder of the security deed after obtaining judgment against the husband.

· Argued October 30, — Decided November 29, 1899.

Levy and claim. Before Judge Butt. Chattahoochee superior court. September term, 1898.

*C. J. Thornton*, for plaintiff in error.
*L. F. Garrard, E. J. Wynn*, and *Vasser Woolley*, contra.

LUMPKIN, P. J.　The record discloses that Julius A. Cade borrowed money from Charles Larned, giving therefor promissory notes the payment of which was secured by a deed to land dated April 10, 1886, and receiving from the latter a bond for reconveyance upon the payment of the indebtedness thus contracted.　Upon the security deed was the following entry, dated June 28, 1886, signed by Mrs. Cade:　"I, Claudia Cade, wife of Julius Alford Cade, having had the foregoing deed to said Charles Larned read over to me and being fully informed of its contents, hereby freely and voluntarily consent to the same and approve the conveyance thereby made."　On December 21, 1890, Julius A. Cade conveyed to his wife the land described in the above-mentioned deed, his deed to her purporting to have been based upon a valuable consideration.　Subsequently Larned brought against Cade an action upon the notes already referred to, and, on January 15, 1892, obtained judgment.　Thereupon Larned reconveyed the land to Cade and caused the same to be levied on.　Mrs. Cade then interposed a claim, and on the trial of the claim case the property was found subject.　The only question with which we are now called upon to deal is, whether or not the trial judge was right in holding that Mrs. Cade was estopped from attacking the security deed on the ground that the same was void for usury.　Counsel for the defendant in error earnestly insisted here that she was so estopped, (1) because the judgment against her husband concluded not only him but her also on the question of usury, and (2) that even if this position was not maintainable, the above-quoted entry on the security deed signed by Mrs. Cade constituted a binding estoppel upon her.

Conceding that the judgment against Cade was a final and conclusive adjudication, as between him and his creditor, Larned, that the deed given to the latter was free from usury, and that, if Cade's deed to his wife had been executed either while Larned's action was pending or after the date of the judgment therein rendered, she also would have been precluded from attacking the security deed on the ground of usury, it by no means follows that under the facts above recited she is estopped from so doing.　On the contrary, it is perfectly clear that Mrs.

Cade was not cut off from making such an attack, either on the ground that she was a purchaser from her husband, lis pendens, or had acquired title from him subsequently to the rendition of the judgment in favor of Larned; for the conveyance from Cade to his wife was executed prior to the commencement of legal proceedings by Larned and long before he obtained judgment. See, in this connection, *Ryan* v. *Mortgage Co.*, 96 *Ga.* 322, followed in *Marshall* v. *Charland*, 106 *Ga.* 42, and in *White* v. *Building & Loan Association*, Id. 146. In view of the cases just cited, the first contention of Larned's counsel must fall.

Was there any merit in the second contention, viz., that Mrs. Cade was estopped by the acknowledgment which she signed on the security deed? We are quite sure there was not. If Larned was in fact taking a deed tainted with usury, he knew, or ought to have known, that it would be open to attack on this ground either by Cade himself or by any other person entitled to raise that issue. If, therefore, Mrs. Cade knew that the deed was void for usury, and at the time of indorsing her consent thereon secretly intended to attack it on that ground, she was, in a legal sense at least, perpetrating no fraud upon Larned, and accordingly had a right to sign the deed with a mental reservation of this kind. Indeed, we may safely go a step farther. If the deed had been a conveyance of her own property and she had executed it for the purpose of securing a loan made to herself, it would still have been her unquestionable right to subsequently attack it for usury. Surely she was not estopped by merely consenting to the execution of a deed by her husband, when she would not have been estopped by the much more solemn act of making in her own name a similar deed to her own property. It follows that the trial judge erred in rejecting evidence offered in behalf of Mrs. Cade for the purpose of showing that the security deed relied on by Larned was infected with usury and therefore void.

*Judgment reversed. All the Justices concurring, except Cobb, J., who was disqualified.*