## Mulherin, administrator, *v.* Kennedy.

Simmons, C. J.    1. Where a widow applies to the court of ordinary for a year's support to be set apart out of her deceased husband's estate, and appraisers are appointed who set apart and assign to her certain specified property, a creditor may file objections to the report, on the ground that the amount allowed the widow is excessive, and that the appraisers failed to take into consideration the solvency or insolvency of the deceased husband's estate ; and there is no error in overruling a demurrer to such objections.

2. If, upon the trial, the ordinary overrules the objections of the creditor and approves the report of the appraisers, and enters a judgment setting apart the property as a year's support, an appeal to the superior court, entered by the creditor, suspends the judgment, and the widow has no vested right to the property in fee until the judgment is affirmed in the superior court. The only effect of the judgment appealed from is to prevent the alienation of the property.    Civil Code, §§ 5340, 5352.

3. If, subsequently to the appeal, the administrator of the deceased husband files an equitable petition to marshal the assets of the estate, and alleges that the appealing creditor claims to own a portion of the land set apart as a year's support, and that other creditors claim other portions thereof, and prays that they and the widow interplead, a decree finding in favor of the creditors, and that the title to the property set apart as a year's support was in the creditors at the time of the husband's death, binds not only the administrator, but the heirs of the deceased and his widow.    This is true although the administrator of the widow (who had died pending the litigation) was dismissed from the bill before decree.    The facts of this case differ from those in *Robson* v. *Harris,* 82 *Ga.* 153, 155, relied upon by the plaintiff in error.    In that case the administrator was not a party to the suit.    The present case differs also from *Marshall* v. *Charland,* 106 *Ga.* 42. In that case the widow had a judgment setting apart her year's support, there was no appeal from this judgment, and her rights had become vested as against the estate of the deceased husband, and her rights in the property so taken therefrom and given her could not be affected by the judgment in a suit subsequently instituted against such estate.

4. The act of 1898 (Acts 1898, p. 78), authorizing the secretary of State to grant charters to trust companies with banking privileges, is not violative of paragraph 18 of section 7 of article 3 of the constitution of this State (Civil Code, § 5780). The companies provided for in that act are embraced within the description "banking" companies, as used in the constitution. Under the provisions of that act the ordinary may, in a proper proceeding, appoint a trust company, so organized to act, as administrator on the estate of a deceased person.

5. While the constitution declares that the jurisdiction, powers, proceedings, and practice of all the courts (except city courts) of the same grade shall be uniform, and that the superior courts shall sit in each county not less than twice in each year, this does not prohibit the General Assembly from requiring the superior court in a designated county to hold four sessions each year, while in other counties but two terms are held in the same time. The holding of a designated number of terms each year does not involve the jurisdiction, powers, proceedings, or practice of the court, as those terms are used in the constitution.

6. When a case is appealed from an inferior court to the superior court, the latter has only the power and jurisdiction, in the case appealed, possessed by the inferior court; and in this State an inferior court has no jurisdiction to try titles to land. When, therefore, upon the trial of the appeal above mentioned, the widow filed an equitable petition in aid of her application for year's support, making allegations which involved the title to the land set apart to her and claimed by the creditors, a demurrer to her petition on this ground was rightly sustained.

7. Where complaint is made of a charge of the court upon which no specific assignment of error is made, such charge will be considered no further than to determine whether it states an abstractly correct proposition of law.

8. It is not error to refuse to give in charge a request which is not applicable to the case.

9. "The sufficiency of the evidence to sustain a verdict will not be considered by this court upon a direct bill of exceptions." The question may be made in the court below by motion for new trial, and the decision of the trial judge thereon brought to this court for review.

*Judgment affirmed. All the Justices concur, except Lamar, J., disqualified.*

Argued July 16,—Decided August 12, 1904.

Appeal, etc. Before Judge Holden. Richmond superior court. December 4, 1903.

*Salem Dutcher*, for plaintiff in error.
*E. H. Callaway*, contra.