## NEWTON COUNTY *v.* BOYD.

A crop of corn not detached from the soil, whether mature or immature, is a part of the realty, and passes by sale of the land without contractual reservation of the crop. Civil Code, § 3617; *Pitts* v. *Hendrix,* 6 *Ga.* 452; *Frost* v. *Render,* 65 *Ga.* 15; *Bagley* v. *Columbus Southern Ry. Co.,* 98

*Ga.* 626 (25 S. E. 638, 34 L. R. A. 286, 58 Am. St. R. 335). See also 8 R. C. L. 360, 371, §§ 6, 16; Cobb's Law of the Farm, 13.

No. 957. FEBRUARY 13, 1919.

Equitable petition. Before Judge Smith. Newton superior court. April 17, 1918.

*King & Johnson,* for plaintiff. *Rogers & Knox,* for defendant.

ATKINSON, J. In the spring of the year, the County of Newton by parol contract rented certain land to William Boyd, to be planted in corn, the county to pay for one third of the guano and receive one third of the crop grown; the rent to become *due when the crop matured.* On November 7, the county sold and conveyed the land in fee to Boyd, the deed not reserving or otherwise specially mentioning the crop. After the crop was gathered by Boyd, the county brought an equitable suit against him, for an accounting, and to recover the value of one third of the crop. On the trial all the evidence showed that the crop was attached to the soil at the date of the conveyance, but there was a conflict of evidence as to whether the crop was mature at the date of the conveyance. The defendant testified that there was a killing frost in that county on October 19. On November 30, Boyd demanded and received from the county one third of the cost of the fertilizer used on the corn.

The court directed a verdict for the defendant. A motion for new trial was overruled, and the plaintiff excepted.

On application of the principle stated in the headnote to the pleadings and the evidence, there was no error in the direction of the verdict.

*Judgment affirmed. All the Justices concur, except*

GEORGE, J., dissenting. Whether matured but ungathered crops pass with a grant of the land without reservation, is entirely immaterial in this case. By all the authorities, rent accrued is a chose in action and is personalty, and does not pass with a grant of the land without reservation. Under the Civil Code (1910), § 3341, "The special liens of landlords for rent shall date from the maturity of the crops on the lands rented, unless otherwise agreed on." It is admitted by the defendant in this case that no date was fixed for the payment of the rent. The evidence really demanded a finding that the rent was due upon the maturity of the crop; and the agent of the county testified positively that this was the contract. While the defendant denied that the crop was matured on November 7, 1917, he at the same time admitted that

"there was a killing frost in Newton county" on October 19, 1917. Moreover, the county was to furnish one third of the fertilizer; and twenty-three days after the execution and delivery of the deed to Boyd he called upon the county for one third of the cost of the fertilizer used on the corn, and the county paid the same. At that time the agent of the county asked the defendant how much corn. the county would get from the land, and the defendant replied that he could not say, but that "the lands did not produce much." Under the decision of *Saulsbury* v. *McKellar,* 59 *Ga.* 302(3), and rulings in other similar cases, the rents had accrued and were due at the time of the execution and delivery of the deed to the tenant. In *Autrey* v. *Autrey,* 94 *Ga.* 579 (20 S. E. 431), it is said that "The rent is personalty, and the right to collect and distribute is in the personal representative of the decedent." In 16 R. C. L. 914, § 421, the general rule, without exception, is stated as follows: "The claim of a landlord for accrued rents is on the same general basis as any other chose in action; and though upon a transfer of the reversion the landlord expressly assigns to his transferee the claim for accrued rents, the assignee's rights with respect thereto are the same only as those of any other assignee of a chose in action." Except in those States that recognize the right of an assignee to maintain an action in his own name, he can not maintain an action for matured rents assigned. The fact must not be overlooked that this was a suit for rent,—for the value of the corn which Boyd agreed to pay for the rent of the lands for 1917 for agricultural purposes. Under any view of the evidence it was a jury question whether the rent was due, that is, whether it had accrued at the date of the deed. In 16 R. C. L. 915, § 422, the general rule of law applicable to the facts of this case is stated as follows: "A transfer of the reversion does not carry with it any right to the accrued rents; and after such transfer the landlord may still recover all rents theretofore accrued." This rule is supported by all the text-writers on the subject, as, for example, 1 Tiffany on Landlord and Tenant, 1103(5). All the decided cases, it is believed, without exception sustain the rule. See notes in 16 R. C. L. and in Tiffany, supra.