## CHATHAM CHEMICAL CO. *v.* VIDALIA CHEMICAL CO.

1. A mortgagee of crops on land to which a wife claims title through her husband, the mortgage having been given by the wife pending a proceeding brought in the bankrupt court by the trustee in bankruptcy of the husband, to have set aside and cancelled the deed of the husband to the wife, does *not* stand upon the footing of a bona fide purchaser for value, the pendency of such proceeding being general notice of the title of the trustee to this land from the time such proceeding was filed and docketed; and when such proceeding is duly prosecuted and is not collusive, such mortgagee is affected by the decree rendered therein.

2. All crops, matured or unmatured, since the passage of the act of August 21, 1922 (Acts 1922, p. 114), are now personalty in this State; and the purchaser of lands upon which such crops are growing, at a sale by the trustee in bankruptcy of the owner of the land, does not acquire any interest in or title to such crops.  Such purchaser under such sale only acquires title to the land so purchased, and the right to the rents, issues, and profits thereof after the date of his purchase.

3. Want of valid title in the mortgagor to the premises on which such mortgaged crops are grown, and outstanding title in a third person who is no party to the suit, does not bar an action brought by the mortgagee to foreclose and enforce his mortgage on such crops.

4. Applying the above principles, the trial judge erred in awarding the proceeds of such crops to the purchaser at the trustee's sale, and not awarding them to the mortgagee.

No. 5400.  NOVEMBER 24, 1926.

Receivership, etc.  Before Judge Graham.  Montgomery superior court.  March 16, 1926.

---

Bankruptcy, 7 C. J. p. 242, n. 46 New.
Chattel Mortgages, 11 C. J. p. 721, n. 55 New.
Crops, 17 C. J. p. 381, n. 31.
Judicial Sales, 35 C. J. p. 86, n. 51, 52.
Lis Pendens, 38 C. J. p. 34, n. 59; p. 35, n. 84.

Suit to foreclose in equity a mortgage on personal property was brought against Mrs. Susie F. Ferrell. The plaintiff furnished certain commercial fertilizer to Mrs. Ferrell during the year 1924, to aid in making a crop of that year, taking as security therefor the mortgage referred to. Mrs. Ferrell was in possession of the land on which the crops were produced, and contracted in her own name with J. O. Chester and Zack Edge as croppers and tenants to make the crops. In the petition it was shown that Mrs. Ferrell was insolvent and could not be made to respond to a judgment; that the crops produced were the only means of the plaintiff's collecting the money for the fertilizer; and that the tenants mentioned were disposing of the crops produced, and were attorning to other parties. In order to avoid a multiplicity of suits, the prayers were that plaintiff's mortgage be foreclosed in equity; that a receiver be appointed to take charge of and harvest the crops, subject to the order of the court; for judgment, etc. The court appointed a receiver to harvest and dispose of the crops, and to hold the funds subject to further order. Chester and Edge, the tenants of Mrs. Ferrell, by their pleadings admitted that relationship, and admitted further that they were, from September 2, 1924, attorning to the Vidalia Chemical Company as landlord. Mrs. Ferrell set up alleged rights as landlord for supplies furnished to said tenants to make the crops, and that the indebtedness thereby created had not been paid. The Vidalia Chemical Company intervened and claimed title to the land, on the ground that it was the purchaser of the property at the bankrupt sale under the order of the bankrupt court, and that by virtue of that purchase the title to the land described in the petition and the crops thereon went immediately into that company. It was shown that Mrs. Ferrell was in possession of the land under a deed from her husband. She admitted the execution of the mortgage foreclosed, and that it was unpaid. It was further shown that C. F. Ferrell conveyed the land to his wife about two years prior to 1923; that during 1923 he was adjudicated a bankrupt; that W. M. Lewis was appointed trustee in bankruptcy; that in December, 1923, he filed a petition in the United States court having jurisdiction, praying that the deeds from Ferrell to his wife be set aside for fraud, and that the land be administered as the property of the bankrupt estate; and that on June 5, 1924, the deeds conveying the land

from C. F. Ferrell to Mrs. Ferrell were set aside by the bankrupt court as fraudulent conveyances, and the trustee was ordered to administer the land as assets of the bankrupt. The land was duly advertised and sold on September 2, 1924, free of liens except certain deeds to secure debts. Lewis, the trustee, had nothing to do with the production of the crops during 1924, and the Vidalia Chemical Company claimed title to said crops only on the ground of its purchase of the land on September 2, 1924. At the time of the sale some of the cotton crop had been harvested. The case came on for trial under an agreed statement of facts, without the intervention of a jury. Judgment was rendered in favor of the Vidalia Chemical Company, after allowing certain sums in the receivership to be paid out of the sum realized by sale of the crops. To this judgment the plaintiff excepted.

*M. B. Calhoun* and *J. Wade Johnson,* for plaintiff.

*L. C. Underwood* and *Saffold & Sharpe,* for defendant.

HINES, J. (After stating the foregoing facts.)

1. We concede that the Chatham Chemical Company does not stand upon the footing of an innocent purchaser for value, without notice of the right of the trustee in bankruptcy, and of any right which a purchaser at the trustee's sale might acquire to these lands and the crops growing thereon at the trustee's sale, after the trustee had succeeded in cancelling the fraudulent conveyance by the husband to his wife of these lands and the sale thereof by the trustee and the purchase thereof by the Vidalia Chemical Company. The Chatham Chemical Company took its mortgage on these crops pending the proceeding by the trustee in bankruptcy in the bankrupt court. This was general notice of any equity or claim of the trustee in and to these lands from the time this proceeding was filed and docketed. As the same seems to have been duly prosecuted and not to have been collusive, the Chatham Chemical Company, which took its mortgage pending this suit, is affected by the decree rendered therein. Civil Code (1910), § 4533. So this company could set up no lien upon the crops growing upon the lands upon the theory that it took its mortgage upon these lands when the legal title thereto was in the wife. It was charged with lis pendens notice of the claim of title to these lands by the trustee, and took its mortgage upon these crops subject to any rights which the trustee had, or a purchaser from him might acquire, to these lands or the crops growing thereon.

2. The Vidalia Chemical Company claims title to the crops grown on these lands during the year 1924, under and by virtue of its purchase of these lands at the trustee's sale in bankruptcy. The trustee succeeded in having the conveyance of these lands by the bankrupt to his wife set aside and cancelled upon the ground that the conveyance was made by the husband to the wife to delay, hinder, and defraud his creditors, and that the wife took with notice of the husband's intention. After obtaining a decree of cancellation, the trustee, under a proper order of court, sold these lands as the property of the bankrupt husband, and they were bought by the Vidalia Chemical Company. This sale took place on September 2, 1924. Did that sale convey to this company any title to these crops? The act of August 21, 1922 (Acts 1922, p. 114), declares "That . . all crops, matured or unmatured, shall be and the same hereby are declared to be personalty." Since the passage of that act, all crops in this State are personalty, and do not pass to purchasers at judicial sales of lands on which they are growing. This being so, the Vidalia Chemical Company acquired no title to, or interest in, these crops under its purchase of these lands at the sale thereof by the trustee in bankruptcy. All that the Vidalia Chemical Company acquired was title to the lands. It did not get any title to, lien on, or interest in these crops.

3. The trustee in bankruptcy, in his proceeding to have set aside and cancelled the deed from the husband to the wife, did not set up, so far as the record discloses, any claim to mesne profits from these lands while possessed and enjoyed by the wife, and did not seek to recover such mesne profits. The Vidalia Chemical Company did not acquire any title to or interest in the mesne profits from these lands while so possessed and used by the wife, and for this reason can not set up and enforce any claim thereto in the present proceeding. All that company can claim would be rent for these lands after it acquired title, and during the period when the receiver was in possession of these lands, harvesting and removing the crops therefrom. Want of valid title in the mortgagor to the premises on which these crops were grown, and title in the trustee in bankruptcy, who was not a party to this suit, would not bar an action foreclosing and enforcing the mortgage of the Chatham Chemical Company on these crops. *James G. Wilson Manu-*

*facturing Co.* v. *Chamberlin-Johnson-DuBose Co.,* 140 *Ga.* 593 (79 S. E. 465). It is no concern of the Vidalia Chemical Company that the wife did not have valid title to these lands as against the creditor of her husband. The Vidalia Chemical Company could not set up want of such title in the wife, to defeat the claim of the mortgagee to the crops embraced in the wife's mortgage to it.

4. Applying the above principles, the trial judge erred in awarding the whole of the proceeds of these crops, less the expenses of the receivership, to the Vidalia Chemical Company. He should have awarded only so much of these proceeds to that company as would yield to it a fair rent for these lands during the period beginning September 2, 1924, when that company became the purchaser of these lands at the trustee's sale, and ending when the receiver had finished harvesting and removing the crops of the year 1924 from these lands.

*Judgment reversed. All the Justices concur, except*

BECK, P. J., and GILBERT, J., dissenting. The judgment rendered was not erroneous, under the law and the facts. Mrs. Ferrell had no title to the property upon which the crops were grown that are involved in this controversy. The property had been fraudulently transferred to her, and the trustee in bankruptcy became vested with the title to this property at the date of his appointment. It is established that a trustee in bankruptcy takes title to the property which the bankrupt has fraudulently transferred and in which, therefore, the creditors have an equity. "The trustee's interest in the property is stronger than was that of the creditors in whose stead he stands, for he has a title. The trustee is vested not only with the title of the property but also with the creditors' rights of action with respect to property of the bankrupt fraudulently transferred or incumbered by him, and he may assail in their behalf all of such transfers and incumbrances," etc. 2 Collier on Bankruptcy (12th ed.), 1124. "A trustee in bankruptcy may avoid any transfer by the bankrupt of his property which any creditor of such bankrupt might have avoided, and recover the property or its value from the person to whom he transferred it, unless he was a bona fide purchaser for value prior to the date of the adjudication; and this right of the trustee extends to all transfers made by the bankrupt prior to the adjudication, in fraud of the rights of his creditors, without reference to whether such trans-

fers are within four months prior to the adjudication or not."
*Hunt* v. *Doyal,* 128 *Ga.* 416 (57 S. E. 489). The trustee having
title to the land at the time of and prior to the execution of the
deed which the plaintiff was seeking to foreclose, Mrs. Ferrell could
not execute a valid mortgage to crops to be grown on the lands of
which she was fraudulently in possession. Whether or not the
record shows positively that the plaintiff had notice that Mrs.
Ferrell was without title to the land and was without right to be
in possession of the same, it was affected with notice of these facts
under the doctrine of lis pendens, after the suit was brought by
the trustee in bankruptcy to have the fraudulent conveyances from
C. F. Ferrell to his wife cancelled. We do not· overlook the high
rank as liens of mortgages on crops where such mortgages are given
to secure the payment of supplies and articles of necessity to make
the crop. Under our statute such mortgages are superior to judg-
ments even of older date than the mortgages. But the mortgage
sought to be foreclosed by the Chatham Chemical Company was
executed by one who had no right to the possession of the land
upon which the crops were grown. Under the act approved August
21, 1922, declaring that growing crops shall be personalty and
providing that mortgages or other liens or conveyances thereof
shall be attested and recorded as chattel mortgages, etc., unmatured
crops are made personalty. But that act can not be construed as
giving a mortgagee, who takes a mortgage upon crops from one who
has no title to the land upon which the crops are growing, a lien
that will be superior to the rights of a purchaser of the land upon
which the crops are growing, where the mortgagee knew at the
time of the execution of the mortgage that the mortgagor had no
title to the land, was fraudulently in possession thereof, and had
no right to execute a mortgage on the crops. It seems to follow
from what is said above that the court did not err in rendering
the judgment complained of in favor of defendant in error.