MILLER *et al. v.* JACKSON.

No. 13163.   JUNE 11, 1940.   REHEARING DENIED JULY 19, 1940.

*Frank S. Twitty,* for plaintiffs in error.

*Robert Culpepper Jr.,* and *W. W. Warren,* contra.

ATKINSON, Presiding Justice.   The rulings announced in the first and third headnotes do not require elaboration.

In *Chason* v. *O'Neal,* 158 *Ga.* 725, 730, 731, it was said: "While the purchasers at the sale of these lands, under the power of sale

contained in the junior security deed, and under the deed executed in pursuance of such sale, acquired a title to these lands on May 22, 1923, did they obtain title to the crops then growing on these lands? Prior to the act of August 21, 1922 (Acts 1922, p. 114), which declares all crops, matured or unmatured, to be personalty, such purchasers would have acquired title to such crops, if they were grown and owned by the grantor in the security deed. A sale made under such power would have the same force and effect as if made by the vendor in such deed; and crops, whether mature or immature, prior to said act, were parts of the realty and passed by a sale of the land, in the absence of contractual reservation of the crops. *Newton County* v. *Boyd,* 148 *Ga.* 761 (98 S. E. 347); *Griffin* v. *Leggett,* 153 *Ga.* 663, 664 (112 S. E. 899). But if the grantor had, prior to such sale, rented these lands in good faith to others who had grown such crops, the purchasers at such sales would not acquire title thereto. . . Under the law as it existed prior to the above-cited act, the purchasers in this case at the sale, made in pursuance of the power of sale in the junior security deed, would have acquired the title of the owner to these lands, subject to the senior security deed, but only the interest of the owner in the crops growing thereon, and against the tenant, if there were in fact a tenancy, the right to collect the rent for the year in which the sale took place." In *Chatham Chemical Co.* v. *Vidalia Chemical Co.,* 163 *Ga.* 276 (136 S. E. 62), it was said: "The Vidalia Chemical Company claims title to the crops grown on these lands during the year 1924, under and by virtue of its purchase of these lands at the trustee's sale in bankruptcy. . . The trustee under a proper order of court sold these lands as the property of the bankrupt husband, and they were bought by the Vidalia Chemical Company. This sale took place on September 2, 1924. Did that sale convey to this company any title to these crops? The act of August 21, 1922 (Acts 1922, p. 114), declares 'That . . all crops, matured or unmatured, shall be and the same hereby are declared to be personalty.' Since the passage of that act, all crops in this State are personalty, and do not pass to purchasers at judicial sales of lands on which they are growing. This being so, the Vidalia Chemical Company acquired no title to, or interest in, these crops under its purchase of these lands at the sale thereof by the trustee in bankruptcy. All that the Vidalia Chemical Com-

pany acquired was title to the lands. It did not get any title to, lien on, or interest in these crops." After these decisions came the act of 1933 (Ga. L. 1933, p. 128; Code, § 85-1902), which in part declares: "That from and after the passage of this act the words 'crops' and 'growing crops' as now . . used in existing statutes declaring crops to be personalty [such as Code § 85-1901] *shall* include and *embrace the fruits and products of all . . trees,* . . whether the same be annual or perennial . . trees." This act is to be taken in connection with the act of 1922, mentioned in the above decisions. When the two acts are considered together they are applicable to crops of pecan nuts growing on trees, which, under the former rulings of this court, are definitely personalty that does not pass by conveyance of the land in pursuance of the power of sale expressed in the security deed.

*Judgment affirmed. All the Justices concur.*