28908. KING, executor, *v.* TILLEY *et al.*

DECIDED JULY 16, 1941. REHEARING DENIED JULY 31, 1941.

*W. L. Ferguson, R. R. Jones,* for plaintiff in error.
*Bennet & Peacock, Wright & Willingham,* contra.

MACINTYRE, J. Mrs. Margaret Wright Tilley, on behalf of herself and two minor children, filed suit against J. E. King as executor of the estate of Lewis L. Tilley, deceased, to recover $1500 as the rental value for the year 1939 of certain farm land in Terrell County. The petition and exhibits disclosed that the plaintiff filed her application for a year's support for herself and her two minor children. On August 31, 1939, the appointed appraisers filed with the ordinary their return setting apart the equity held by the estate of the deceased in two tracts of land, the "Lassiter place" containing 497 acres, and the "Aven place," containing 129 acres. These lands were specifically set apart, subject to the payment of three notes secured by deed from Lewis L. Tilley to the Bank of Dawson. Two of these were dated February 3, 1939, one for $11,-660, the other for $3152.25. The third note, March 4, 1939, was for $1150. While the date when Lewis L. Tilley died was not alleged, it appears that he signed the notes, and therefore his death occurred after March 4, 1939.

On September 30, 1939, after the return of the appraisers had been filed, and before the time for the hearing thereon in accord-

.ance with the published citation, J. E. King, as executor of the estate of Lewis L. Tilley, filed objections to the return. On October 2, 1939, Mrs. Tilley, the applicant, also filed objections to said return. The case was appealed by consent to the superior court. The next term of the superior court after this appeal was entered was the December term, which convened on December 4, 1939. On December 4, 1939, the parties entered into an agreement for the issues to be settled by a consent verdict and decree in the superior court. A copy of this agreement is attached to the petition, and it provides that a verdict should be entered setting apart to Mrs. Margaret Wright Tilley, in behalf of herself and two minor children, in full and complete settlement of any and all claims for year's support, either present or future, the tract of land referred to as the "Lassiter place," subject to the payment of only the two notes for $11,660 and $3152.25. On December 5, 1939, verdict and decree were entered in accordance with this agreement.

On August 31, 1939, the date when the appraisers filed their return in the court of ordinary, the crops on the land had not matured, and had not been gathered and sold. On December 5, 1939, the date of the consent verdict and decree in the superior court, all the crops had matured, and had been gathered and removed from the land, and sold. King, executor, filed a general demurrer to the petition of Mrs. Tilley, which sought to recover $1500 as the rental value of the "Lassiter place" for the year 1939. This demurrer was overruled, and King excepted. The basis of the suit must necessarily rest upon the premises (1) that the title to the "Lassiter place" vested in the widow on August 31, 1939, the date the appraisers' return was filed, and (2) that since the crops on said place had not matured at that time, and had not been gathered and sold, she thereby as such owner became entitled to the rents on said farm for the entire year. The plaintiff in error, on the other hand, contends that the title to the "Lassiter place" did not vest in Mrs. Tilley until December 5, 1939, the date of the verdict and decree in the superior court; and that since all the crops on the farm at that time had matured, been gathered, moved, and sold, she is not entitled to collect any rent for the year 1939; and that if the title to the "Lassiter place" vested in Mrs. Tilley on August 31, 1939, she could not claim rents for the entire year. The ruling on demurrer is now before this court for decision.

The Code, § 113-1002, provides in part that "Among the necessary expenses of administration, and to be preferred before all other debts, except as otherwise specially provided, is the provision for the support of the family," which is generally known as "year's support." "A year's support to a widow and children may be set apart from property of which their husband and father died possessed, the same to be 'either in property or money,' and to be '*a sufficiency* from the estate for their support and maintenance for the space of 12 months, . . to be estimated according to the circumstances and standing of the family previous to the death' of their husband and father. See Code, § 113-1002." (Italics ours.) *Calhoun National Bank* v. *Slagle,* 53 *Ga. App.* 553, 555 (186 S. E. 445). As to the amount of the year's support, "The question is simply what is a reasonable amount to be set aside out of the estate to maintain her in the same manner in which she was maintained, according to her circumstances and standing in life." *Young* v. *Anderson,* 19 *Ga. App.* 551 (91 S. E. 900). The Code, § 113-1005, provides for the filing of a return by the appraisers appointed to set apart a year's support and the issuing and publication of citation citing all parties at interest to show cause why the twelve-month's support should not be granted; and it is provided that if no objection is made, or, if made, is disallowed, the ordinary shall record the return so made in a book for this purpose. The last clause of this section is that "if an appeal is taken, pending the appeal the family shall be furnished *with necessaries* by the representative of the estate." (Italics ours.) It might be noted that this provision does not state, that is, does not expressly state, that the necessaries pending an appeal shall thereafter be charged against the amount which might ultimately be set apart as a year's support. "The property so set apart by the appraisers shall vest in the widow and child, or children; and if no widow, in such children, share and share alike; and the same shall not be administered as the estate of the deceased husband or father." Code, § 113-1006. The Supreme Court, in *Mulherin* v. *Kennedy,* 120 *Ga.* 1080 (2) (48 S. E. 437), stated what the effect of an appeal to the superior court has upon the judgment of the ordinary appealed from, in the following language: "If, upon the trial, the ordinary overrules the objections of the creditor and approves the report of the appraisers, and enters a judgment setting apart the

property as a year's support, an appeal to the superior court, entered by the creditor, suspends the judgment, and the widow has no vested right to the property in fee until the judgment is affirmed in the superior court. The only effect of the judgment appealed from is to prevent the alienation of the property." The Supreme Court further stated: "The present case differs also from *Marshall* v. *Charland,* 106 *Ga.* 42 (31 S. E. 791). In that case the widow had a judgment setting apart her year's support, there was no appeal from this judgment, and her rights had become vested as against the estate of the deceased husband." This would indicate that the title to the property set apart as a year's support vests in the widow and minor children from the time the appraisers file their return with the ordinary, unless an appeal is taken. If an appeal is taken, the judgment of the superior court is controlling. None of the cases cited, nor are we aware of any, that changes the general rule "that the only effect of the judgment appealed from is to prevent the alienation of the property." *Mulherin* v. *Kennedy,* supra.

To illustrate, suppose the judgment on the appeal to the superior court is for a smaller amount or only a part of the property set apart in the judgment of the ordinary and by the time the judgment in the superior court is entered the widow has disposed of all the property set apart by the lower court, the appeal might be of no avail. It would put in the hands of the appellee the opportunity to defeat the rights of the appellant in many cases which had been appealed if she chose to do so. The decisions cited by the defendant in error were in cases where there was no appeal from the judgment of the ordinary. Those judgments of the ordinary were final, and the Supreme Court, under the facts of such cases, stated that the title to the property set apart in the year's support vested in the widow and children from the time of the return of the appraisers. The title to the "Lassiter place" (the land set apart as a year's support in the final judgment in the superior court, which was only a part of the land set apart by the judgment of the ordinary) did not vest in the widow until December 5, 1939, the date of the judgment of the superior court setting the land apart as a year's support; and since all the crops on the farm at that time had matured, been gathered, moved, and sold, the widow is not entitled to collect any of the rents for the year 1939. Hence

the judge erred in not sustaining the general demurrer to the petition seeking to recover such rents of the "Lassiter place." The decision here rendered is determinative of the other questions raised in the case.

*Judgment reversed. Broyles, C. J., and Gardner, J., concur.*