28908.   KING, executor, *v.* TILLEY *et al.*

DECIDED JULY 3, 1942.

*W. L. Ferguson, R. R. Jones,* for plaintiff in error.
*Bennet & Peacock,. Wright & Willingham,* contra.

MACINTYRE, J. (After stating the foregoing facts.) The plaintiff in error in the demurrer itself, the defendant in error in his brief, and the judge of the lower court treated this case as if the sole question properly raised for decision by the record was whether or not a general demurrer should have been sustained, and this court in *King* v. *Tilley,* supra, so treated the case and held: "The widow is not entitled to collect any of the rents for the year 1939. Hence the judge erred in not sustaining the general demurrer." We understood that the general demurrer passed on by the trial court raised the question whether, admitting all the allegations in the petition to be true, the plaintiff is entitled to recover any of the rents actually sought; however, the amount thereof may be measured. *City Council of Augusta* v. *Lamar,* 37 *Ga. App.* 418 (7) (140 S. E. 763). We likewise were of the opinion that if the petition did not set out the true measure of rent actually claimed it might have been subject to a special demurrer. There was no such demurrer. *Hunter* v. *Moss,* 41 *Ga. App.* 13, 15 (151 S. E. 831) ; *Ford* v. *Fargason,* 120 *Ga.* 708 (5, 6) (48 S. E. 180). This court was of the opinion then that when the case was here before, supra, it passed on all the questions raised by the record which we thought happened to be the sole question of whether or not the general demurrer should have been sustained. The trial court overruled the general demurrer in the language above indicated. This court reversed the trial court and said that the general demurrer should have been sustained.

On certiorari the Supreme Court, two Justices dissenting, reversed the judgment of this court, ruling as follows: "1. Where a year's support for a widow and minor children was duly set apart by appraisers, and the return was approved and recorded by the ordinary, and after an appeal to the superior court upon objections filed to the return of the appraisers a consent verdict and judgment were rendered, allowing as a year's support one of the tracts of land, which had been previously set apart in the ordinary's court, the original judgment in that court as to this tract will not be treated as having been vacated by the appeal; but the title of the widow, with whatever rents, issues, and profits, if any, incident thereto, accrued to and vested in her subject to be divested by the judgment on appeal, from the date of the original judgment in the court of ordinary. 2. The Court of Appeals not having passed

upon the question as to what rents, issues, or profits, if any, the widow and minor children would, under the rule stated in the preceding headnote, be entitled to, or whether that question was properly presented by the record, no adjudication on these questions is made." *Tilley* v. *King,* supra. In accordance with that ruling of the Supreme Court the decision rendered by this court (*King* v. *Tilley,* supra), is withdrawn and vacated.

In our opinion the only question properly presented by the record is whether a general demurrer should have been sustained. *Linder* v. *Whitehead,* 116 *Ga.* 206 (42 S. E. 358). This court and the Supreme Court have held that although a plaintiff may not be entitled to recover the full amount of rent claimed in a petition, this does not authorize the court to sustain a general demurrer if the plaintiff is entitled to recover any amount of rent actually claimed. *Felton* v. *Highlands Hotel Co.,* 165 *Ga.* 598, 602 (141 S. E. 793). If the petition sets forth the wrong measure of rent claimed, this may be reached by a proper special demurrer; but the wrong measure of rent claimed does not subject the petition to a general demurrer if the allegation of the petition entitles the plaintiff to recover any amount of rent actually claimed. *Elwell* v. *Atlanta Gas-Light Co.,* 51 *Ga. App.* 919 (6) (181 S. E. 599); *Cohn* v. *Brown,* 7 *Ga. App.* 395 (66 S. E. 1038).

The trial court having overruled the general demurrer, and the Supreme Court having likewise decided that the general demurrer should have been overruled, the judgment of the trial court is sustained by this court. We think this court has now, in sustaining the judgment of the trial court overruling the general demurrer to the petition, decided every question properly presented in this record for our decision. *Martin* v. *McAfee,* supra.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*