30016.  KING, executor, *v.* TILLEY, for use.

DECIDED APRIL 28, 1943.  REHEARING DENIED JUNE 26, 1943.

*W. L. Ferguson, R. R. Jones,* for plaintiff in error.

*Wright, Willingham & Fullbright, Bennet, Peacock & Perry,* contra.

FELTON, J.  This is the second appearance of this case in this court.  In *King* v. *Tilley,* 65 *Ga. App.* 628 (16 S. E. 2d, 132), it was adjudged that the general demurrer to the petition should have been sustained.  On certiorari the Supreme Court reversed that judgment, holding that the title to the property set apart as a year's support to the widow and minor children vested at the time the executor confessed judgment in the court of ordinary upon the filing of objections to the return of the appraisers, subject to be divested on appeal.  *Tilley* v. *King,* 193 *Ga.* 602 (19 S. E. 2d, 281).  In *King* v. *Tilley,* 67 *Ga. App.* 506 (21 S. E. 2d, 134), this court vacated its former judgment and affirmed the judgment overruling the general demurrer to the petition.  Neither the Supreme Court nor this court has adjudicated at what time the confession of judgment took place, or what amount the widow and children were entitled to recover, for the obvious reason that the only ruling by either court was that the petition was not subject to general demurrer, which simply means that the plaintiff was entitled to recover some amount.

The plaintiff amended her petition by alleging that demand for the payment of the rents was made on or about October 22, 1940, and by adding a prayer for interest from that date. In paragraph 15 of the petition it was alleged: "Your petitioner shows that she and her minor children are entitled, by reason of the facts of the aforesaid, to have and recover of said executor the aforesaid sum of $1500 received by him as the proceeds from said farm for the year 1939." The defendant in his answer admitted the first fourteen paragraphs of the petition. Paragraph 15 was neither admitted nor denied. The answer contained the following: "For further answer defendant says that Lewis L. Tilley died on March 8, 1939; that the property set apart to plaintiff as a year's support was operated by defendant for the year 1939, and was not rented or leased to any tenant or tenants. Defendant says that the rental value of said property for the year 1939 is $1500, but that defendant [plaintiff] is only entitled to recover rents for the portion of the year she owned same, or that title became vested in her, and that the rent should be apportioned accordingly. Defendant says that plaintiff is only entitled to recover her pro rata portion of the rent on said lands for the time she actually owned same, which in no event could be as much as $1500, since the rental value of said land for the entire year 1939 is only $1500, and plaintiff is seeking to recover the entire rents."

The bill of exceptions recites that upon the facts alleged in the petition and the admitted fact that Lewis L. Tilley died March 8, 1939, the judge entered up the judgment for $1500 principal, and $223.12, interest in favor of the plaintiff, and further recites: "To the foregoing final judgment plaintiff in error then and there excepted, and now excepts, and assigns the same as error for the reason that said judgment is contrary to law, and contrary to the facts in said case. Plaintiff in error contends that under the facts in said case, that defendant in error is only entitled to recover the rental value of the land set aside to her as a year's support for the proportionate part of the year 1939, in which the title to said land was vested in her, and that since the rental value of said land for the entire year is only $1500, and that since the return of the appraisers setting aside said land as a year's support was not filed until August 31st, 1939, that the judgment of the court finding in favor of the defendant in error for the

sum of $1500 is contrary both to the law and the facts in said case."

■ The motion to dismiss the writ of error is denied. The judgment was based on a legal ruling on undisputed facts, and the exception that it was contrary to law is sufficient. *Tilley* v. *King,* 190 *Ga.* 421 (9 S. E. 2d, 670); *Patterson* v. *Beck,* 133 *Ga.* 701 (66 S. E. 911).

■ Paragraph 15 of the petition stated only a legal conclusion, and a failure to deny it by number did not bind the defendant in view of the answer as a whole which did contest and deny such conclusion.

■ The widow contends that she and her minor children are entitled to the value of the rental of the land for the entire year 1939, or to the value of the crops for the year. Whatever rights they have to rental depend on the rights of the deceased by reason of his ownership of the lands at the time of his death, because the widow and children succeeded to his rights by reason of the setting apart of the year's support. Nothing upon which a right to rents or rental value could be based could be set apart as a year's support which the deceased did not own at the time of his death if the executor did not rent out the land. The only reasonable interpretation of the petition is that neither the deceased nor the executor had rented the land and that the executor was operating it. If it had been rented the action would have been against the tenant, and responsibility for the removal of the crops would not have been charged against the executor. So, in so far as rights to rents are concerned the status at the death of the testator must be examined. It is obvious that liability for rent must be from one other than an owner. People don't pay rent to themselves. If the land had been rented for the year and the owner had died before the rent was due and paid, the right to the rent would have descended to the heirs as a part of the reversion, or to the devisees who under a will are entitled to the reversion, subject to legal charges. 32 Am. Jur. 364, § 448; *Teasley* v. *Bradley,* 110 *Ga.* 497 (35 S. E. 782, 78 Am. St. R. 113); and if the land had been set apart as a year's support during the year, and before the rent was due and paid, the right to the rent would have passed into the beneficiaries of the year's support as an incident to and part of the title to the land set

apart whether it was rented by the testator or executor. The trouble with the widow's contention is that the land was not rented by anybody; there was no obligation on any one's part to pay rent; the testator had no right to collect it; and there was no right to collect rent which could pass by inheritance or will or otherwise. If no year's support had been set apart it would be absurd to say that the estate owed the heirs or legatees rent on the land which they had inherited or acquired under a will. The same principle applies to rights to rent where there has been a transfer of the reversion without a reservation of rent. In such a case the purchaser who is entitled to possession has the right to all rent which shall accrue in the future, in the absence of reservation of rent, and the fact that the purchaser acquired title between rent days does not require an apportionment. 32 Am. Jur. 372, 374, §§ 453, 456. This principle does not fit the case at bar because, as stated, we have in this case no contractual obligation by a third party to pay rent. Neither the heirs nor legatees of the deceased nor the recipients of a year's support could require the estate to pay them rent for a period within the lifetime of the deceased and from the date of his death to the award of the year's support, because such a claim would necessarily have to be based on the deceased's obligation to pay himself rent for the use of his own land and the executor's obligation to pay himself rent.

Counsel for the widow rely on *Chastain v. Gardner*, 187 *Ga.* 462 (200 S. E. 786). They state the following syllogism: "1. Major premise: All persons who become, before the crops mature and the rent is paid, the owner of the reversion, are entitled to the rent for the entire year, to the exclusion of the original owner, and no proration of rent will be required. *Chastain v. Gardner* [supra]. 2. Minor premise: It is 'the law of this case' that Mrs. Tilley did become, before the crops matured and the rent was paid, the owner of the reversion and entitled to the rent. 3. Conclusion: Therefore Mrs. Tilley is entitled to the rent for the entire year, to the exclusion of the original owner, and also to the exclusion of his personal representative, of course." The fallacy in the major premise, as usual, travels through the logical processes to the conclusion. The major premise assumes a fact which is not true, to wit, that the land was rented for the

year or part thereof and that the deceased at his death, or his executor after his death or subsequently, had a claim against somebody for rent. But the truth is that the testator didn't owe himself any rent during his lifetime, and the estate didn't owe any after his death, so there was no asset of the estate in the form of a claim for rent or rental value which could pass to heirs, legatees, or beneficiaries of a year's support. The *Chastain* decision and those in line therewith do not support the widow's contention. We think we have fully demonstrated that the year's support award did not carry with it the right to the rental value of the land for the full year or any part thereof. Whatever right the widow and children had accrued after they acquired title and because of subsequent circumstances. The widow and children have no right to rental value or crop value by reason of the award of the land because they stand in the position of purchasers, and under the ruling in *Miller* v. *Jackson,* 190 *Ga.* 668 (10 S. E. 2d, 35), the title to the crops did not pass, they not having been specifically set apart in the award of the year's support, and the title to such crops remained in the personal representative.

There are numerous decisions holding that where land is sold under levy, foreclosure, and power of sale, if the land is in possession of the defendant in fi. fa., mortgagor or grantor, all of his interest in the land at the time of sale passes to the purchaser. Under the old law the title to unmatured crops passed under such circumstances as a part of the land. This would not be true now. *Miller* v. *Jackson,* supra. As a matter of public policy the law sought to protect tenants in such cases, and confined the right of the purchaser to the landlord's interest in the crops, whether rent or otherwise. *Dollar* v. *Roddenbery,* 97 *Ga.* 148 (25 S. E. 410). Such interest of the landlord is the interest he had by reason of the ownership of the land on which the crops grew, which was a lien on the crops, whether they were a part of the land or personal property, for the rent thereof. Hence the conclusion that the act of 1922 (Code, § 85-1901), making all crops personalty, does not affect the rule that the purchaser of the land acquires the landlord's interest in the crops in cases where the land is rented to a tenant. This rule does not mean, however, that where land is not rented out by the owner the one who acquires title by deed or otherwise gets the title to the crops

planted or growing thereon, as is shown by *Miller* v. *Jackson*, supra. Neither does *Cheshire* v. *Keaton*, 184 *Ga.* 29 (190 S. E. 579), support the widow's contention that she is entitled to the value of the crops. The ruling there was that the devisee of a specific devise was entitled to the increase and profits therefrom, and the principle is not remotely involved in this case. Where the grantor or owner remains in possession of land after it has been sold he is a tenant at sufferance. *Anderson* v. *Watkins*, 42 *Ga. App.* 319 (156 S. E. 43); *Lowther* v. *Patton*, 45 *Ga. App.* 543 (165 S. E. 487). The Code, § 61-305, provides for double rent after demand. We know of no provision under Georgia law to hold a tenant at sufferance liable for single rent where the landlord has elected to hold him as a trespasser and has demanded possession of the premises. However, in this case there is no contention that the executor was not a tenant from the time the widow and minor children acquired title. Demand for rent was made of the executor in October, 1939, and the executor was bound by the election since he remained in possession. There is no question of apportionment of rent as to time in this case because there was no rental until the executor held the land after the widow and minor children acquired title and they elected to hold the executor liable for rent. *Chatham Chemical Co.* v. *Vidalia Chemical Co.*, 163 *Ga.* 276, 279 (136 S. E. 62). The term of a tenant at sufferance is entirely distinct from the regular term. *Stanley* v. *Stembridge* 140 *Ga.* 750 (79 S. E. 842).

Under the facts of the case and the concessions of the executor in his pleadings and argument he is liable for the reasonable rental of the premises from the time at which the title to the land vested in the widow and children and the time he surrendered possession, and this value may or may not be a certain proportion of the yearly unit rental. The proved value for the specific time is the sole liability.

The court erred in finding against the executor $1500 with interest.

*Judgment reversed. Stephens, P. J., concurs. Sutton, J., concurs in the judgment.*