33942.   EVANS *et al.* v. LOONEY *et al.*

DECIDED MAY 6, 1952.

*Parker, Clary & Kent,* for plaintiffs in error.
*Gary Hamilton,* contra.

GARDNER, P. J. 1. The general grounds and the first and second special grounds will be treated together. These special grounds complain of the direction of the verdict as being contrary to the law and the evidence, in that the court erred in directing a verdict for the plaintiffs, the defendants in error here, because it appeared without contradiction: that the defendants in error sold for a valuable consideration their one-half interest in the farm to Donald Evans, one of the plaintiffs in error, by warranty deed dated September 17, 1947, which was prior to the due date of the rent for the year 1947; and that thereafter, and after the payment of the rent, the defendants in error demanded one-half of the rent for 1947; and that, as a matter of law, by the sale of their one-half interest in the farm by warranty deed to Donald Evans, before the rent was paid by the tenant, the defendants in error were precluded from recovering any rental on the farm for the year 1947, regardless of whether or not the crops on the farm were mature or immature at the time of the sale, as there was no agreement between the defendants in error and the plaintiffs in error to the contrary, i.e., there was no reservation of right to any rent or rents by the grantors in the deed to Donald Evans.

It appeared that, when the sale was made, the crops—that is, the cotton on the farm—had been partially gathered, one or two bales having been picked. The defendants in error contended that, therefore, the rent was due as a matter of law when the deed was made.

The testates of the parties to this action owned as tenants in common a farm, which was rented on a year-to-year basis to one Carroll for a standing rent of five bales of cotton. The rent was payable from the first crops gathered. On September 17, 1947, the executors of the Looney estate sold the one-half interest of the estate in this farm to Donald Evans, one of the plaintiffs in error, for $2000, conveying same by warranty deed. When the plaintiffs below (the defendants in error here) sold and conveyed their one-half interest in this farm to Donald Evans, were the defendants in error entitled to their portion of the rent for that year? At the time the sale and conveyance was made, the rent had not been paid, and there was evidence to the effect that it was not due until the first crops had been gathered,

and all the cotton had not been gathered at the time of the sale and conveyance to Donald Evans. The payment was in five bales of cotton, 500 pounds each, or two and a half bales each to the two estates of the tenants in common. There was evidence that the crops were grown, but had not fully ripened, at the time of the sale, and that only one or two bales had been picked and ginned. It is claimed that, under the provisions of Code § 85-1901, it is immaterial whether the cotton was mature or immature, this statute providing that growing crops are to be considered as personalty. This being true, personal property would not, in the absence of some agreement to that effect, necessarily pass with the sale and conveyance of the land. There was no agreement, when the conveyance of the land was made by the defendants in error to Donald Evans, that the one-half of the rent for 1947, which rent had not been paid by the tenant, was to be turned over to the defendants in error when the same was paid, that is, that the defendants in error would be entitled to one-half. Ordinarily when a sale, conveyance, and delivery of property is made by one to another, the purchaser acquires all of the right, title, and interest of the seller and grantor in and to the property sold. If, at the time of this sale and transfer of the title by one tenant in common to the other tenant in common, the crops had not been gathered but were yet in the field, it would seem that, unless the grantors reserved the same or there was some express agreement to the contrary, the title to the cotton passed to the purchasers of their undivided half interest in the farm. The purpose of one buying farm land is generally to acquire the farm land, either to farm the same or to let it out to others to farm either on shares or on a rental basis. There was no agreement between the parties that the sellers were to retain their landlords' lien on the cotton, one or two bales being picked and ginned and the other being unpicked, for that year, although parting with all their right, title, and interest in and to the farm. The rent was not yet paid, and the jury could find under the evidence that the same was not yet due when the conveyance to Donald Evans was made, and that, therefore, the sellers had at the time of the sale and conveyance no right to the cotton as accrued rent, due and unpaid.

In *Newton County* v. *Boyd,* 148 *Ga.* 761 (98 S. E. 347), the Supreme Court held that a crop of corn, not detached from the soil, whether mature or immature, is a part of the realty and passes by the sale *thereof* without contractual reservation of the crop. This is the law, unless it has been changed by the provisions of Code § 85-1901, codified from the act of 1922 (Ga. L. 1922, p. 114). No rights of the tenant on the farm are involved in this action. In *King* v. *Tilley,* 69 *Ga. App.* 561, 565 (26 S. E. 2d, 293), this court, referring to said act of 1922 (Code, § 85-1901), said that "As a matter of public policy the law sought to protect tenants in such cases and confined the right of the purchaser to the landlord's interest in the crops, whether rent or otherwise. . . Hence, the conclusion that the act of 1922 (Code, § 85-1901) making all crops personalty, does not affect the rule that the purchaser of the land acquires the landlord's interest in the crops in cases where the land is rented to a tenant." To the same effect see *Schnedl* v. *Langford,* 40 *Ga. App.* 190 (149 S. E. 102); *Neal* v. *Hubbard,* 53 *Ga. App.* 267 (185 S. E. 384.)

However, this rule does not mean that, where land is rented out by the owner, the one who acquires title by deed or otherwise gets the title to the crops planted thereon, as is shown by *Miller* v. *Jackson,* 190 *Ga.* 668 (10 S. E. 2d, 35); *King* v. *Tilley,* supra.

The interest of the landlord is the interest he had by reason of ownership of the land on which the crops grew, which was a lien on the crops, whether they were a part of the land or personal property, for the rent thereof. *King* v. *Tilley,* supra. (Code § 61-203 provides that a landlord has a special lien for rent on crops of his tenant made on his land.)

We agree with the above and reasoning thereof, and thereunder it is our opinion that the sale and conveyance by the owners of the one-half undivided interest in this land to Donald Evans transferred and conveyed to the purchaser all of the right, title, and interest of the sellers in and to the farm and the crops thereon insofar as the same were to be used by the tenant to pay the rent for the year 1947, there being no agreement to the contrary nor reservation in the deed from the defendants in error to Donald Evans. Therefore, a verdict for

the defendants in error, grantors in the deed to Donald Evans, was not demanded, under the law and the evidence, and it was error for the court to direct the same.

2. This being true, the assignments of error in the remaining special grounds of the motion for a new trial need not be considered. The same are controlled by the ruling made in division 1 hereof.

It follows that the trial judge erred in overruling the motion for a new trial of the defendants below, the plaintiffs in error in this court.

*Judgment reversed. Townsend and Carlisle, JJ., concur.*