34688. WEBB *v.* SIMMONS, Clerk, *et al.*

DECIDED JULY 14, 1953.

*Harold Sheats, Clarence D. Stewart,* for plaintiff in error.

*R. B. Lambert, Ginsberg & Rose,* contra.

FELTON, J. ▇ The defendants in error move to dismiss the writ of error on the following grounds: 1. Because the judgment of which the plaintiff in error complains is not set forth in the bill of exceptions; 2. Because there is no brief of the evidence incorporated in or attached to the bill of exceptions or made a part of the record; 3. Because the judgment complained of is not a final judgment; 4. Because the assignment of error in the bill of exceptions is too vague, general, and indefinite to be considered by this court.

The judge's certificate to the bill of exceptions reads in part as follows: "I hereby certify that the foregoing bill of exceptions was tendered to me on the 7th day of April, 1953, that the same is true and specifies all of the records material to a clear understanding of the errors complained of, except the following: That among the papers in the Clerk's files was the following: 'Mr. J. W. Simmons, Clerk, Superior Court of Fulton County . . . Dear Mr. Simmons: Your Trust Officer is holding $3,100 deposited with her by M. C. Webb in the case of H. R. Stogner, trading as Atlanta Plating Works vs. Tom Sizemore, et al, No. A-7494. Subsequent to the date of making this deposit, Mr. Webb made an agreement with Sidney I. Rose, attorney for Herman Kalech, J. W. Hirsh, Louis Smith, and V. P. Cefalu. That this sum is to be retained by the Clerk until the matter is finally terminated, whether said matter is terminated in the Fulton Superior Court or in some other court, and in event the case is dismissed on demurrer or our plea to the jurisdiction as to Webb is sustained, we agree that you shall turn this money

over to Mr. Rose, attorney for the above defendants. . . Yours very truly, C. D. Stewart', dated March 10, 1949. I further certify that the above and foregoing letter was read to me in open court without objections by the attorney of record for H. R. Stogner . . ." It is apparent that the judge made his ruling on the pleading and the above-quoted letter.

As to ground 4 of the motion to dismiss, we construe the judge's certificate as meaning that he made his determination of the case from the letter set out in the certificate, therefore no brief of evidence is necessary for a consideration of the error complained of. As to ground 2 of the motion to dismiss, we construe the plaintiff in error's exception as being an exception to the construction the trial judge put on the letter set out in his certificate and upon which he denied the claim. Under this construction of the exception, the writ of error contains a sufficient assignment of error for consideration by this court. See *Patterson* v. *Beck*, 133 *Ga.* 701 (1) (66 S. E. 911), and *King* v. *Tilley*, 69 *Ga. App.* 561 (26 S. E. 2d 293), and cases cited. As to ground 3 of the motion, it is obvious that the trial court ruled that, even if the plaintiff Stogner did not recover in his suit, the letter set out in the judge's certificate showed that the funds in the hands of the trust officer had been assigned to Mr. Rose as attorney for Kalech, Hirsh, Smith, and Cefalu. This ruling against Mrs. Webb's claim was a final judgment as to her and one from which she could except. As to ground 1 of the motion to dismiss the writ of error, the plaintiff in error excepts to the judgment of the court finding against her claim, and such exception sufficiently sets forth the judgment of which she complains.

■ The fund to which the claim was filed was deposited in the court for the purpose of satisfying any judgment the plaintiff Stogner might recover if he prevailed in his suit. The trial court in dismissing the claim traveled on two theories: one, that if the plaintiff Stogner recovered in his suit, the claimant would not be entitled to the fund; and two, that even if the plaintiff Stogner did not recover, the fund had been assigned by Webb, in which event the claimant would not be entitled to the fund. We think that the trial judge was premature in making the finding that he did and in entering an order thereon. An adjudication on the claim could not properly be made until a final adjudica-

tion on the suit in which the claim was filed had been had, which final adjudication admittedly had not been made. If the plaintiff Stogner prevailed in his suit, then the court would find that the claimant was not entitled to the fund for that reason. If Stogner did not prevail, then the court would have to consider the question of whether the claimant's husband had made a valid assignment of the fund which would defeat her claim. The letter from the deceased's attorney is insufficient to show an assignment, since the statement as to the assignment by the attorney is merely hearsay.

The court erred in finding against the claimant.

*Judgment reversed. Sutton, C. J., and Worrill, J., concur.*